## COURT OF APPEALS, NOV. TERM, 1803.

### TODD *et ux.* vs. PRATT.

APPEAL from a decree of the court of chancery. The bill stated. that *Rachel Baynard,* the complainant in the court of chancery, who afterwards married *William Todd,* (the now appellants.) in September 1796, by her bill set forth, that *George Baynard,* deceased, on the 24th of October 1787, *mortgaged to* Pratt, the defendant, part of a tract of land called *Relief,* containing 576 acres, *Baynard's Pasture* containing 101 acres, part of *Roe's Chance* containing 97 acres, and sundry negroes, in consideration of £738 current money. That *George Baynard,* on the 1st of June 1793, made a *second mortgage* to *Pratt* of the said lands and premises, and negroes, in consideration of 1016*l* 11*s* 4*d* current money. That both the said sums were not due; that there had been dealings between *Baynard & Pratt,* and that *Baynard* was indebted. to *Pratt,* but not to the amount expressed in the said mortgages. That payments had been made, and no credit given; and 25 per cent. interest had been charged, &c. That *Baynard* died before the expira-

The court of chancery will not grant an injunction to stay proceedings on a judgment in an action of ejectment for lands mortgaged, before the plaintiff in ejectment. has been summoned and heard.

A tenant *in tail* may by a mortgage of the entailed lands, dock the estate tail, and convey the lands in fee, subject to be avoided on the payment of the mortgage money by him.

tion of the day of payment in the last mortgage, in-
testate, and without issue, leaving the said *Rachel*, his
sister, and heir at law. That *Pratt* had brought an
ejectment, and recovered judgment for the lands in the
said mortgages, also replevin for the negroes, which
is depending in the eastern shore general court.
*Prayer*, that *Pratt* be compelled to account, &c. and
upon payment of the sum due, be compelled to recon-
vey the lands, &c. to the said *Rachel*, and that injunc-
tion issue, &c.

Hanson, Chancellor, (September 16th, 1796,) pas-
sed the following order:

The bill states a mortgage or mortgages of land
and negroes, duly executed, to secure to the defendant
the payment of certain sums of money, and that the
defendant has instituted an action of replevin for the
negroes, and obtained judgment in an ejectment
brought for the land. It prays an injunction to pre-
vent him from further proceedings at law, on the
ground that the money, or great part of it, for which
the mortgage was given, is not due to the mortgagee.
Supposing the act of *George II.* to have been introduc-
ed, used, and practised under in this state, the com-
plainant, with respect to the land, had her remedy at
law, she might have brought into the general court
the money due, an account of which would have been
taken under the authority of that court. Supposing
that statute not to have been extended to this state,
where is the case which will authorise this court to
enjoin the mortgagee before hearing from taking an
execution on his judgment at law? The very pre-
amble of the said statute recites, that courts of equi-
ty grant no relief before hearing; and although this
court may have gone further than the courts of equi-
ty in England, and further than is proper in granting
injunctions before hearing, there has been no case in
which it has gone so far as it is prayed to go in the
present case. Independently of this consideration,
the chancellor conceives it unreasonable, under the
circumstances stated in the bill, to interfere with the

proceedings at law. Why did the complainant delay her application to this court, when a bill filed here in due time for redemption, if she has accurately stated every fact relative to her case, might have effectually prevented any inconvenience of which she complains? Upon the whole, the chancellor is of opinion that he cannot, with propriety, grant the injunction prayed, or any other relief, before the defendant shall have been summoned and heard.

The defendant afterwards *answered*, that he had taken the mortgages, and had recovered judgment for the land, and had replevied the negroes, but only with a view to compel payment of the money due him. And he stated how the sums of money in the mortgages became due to him, and exhibited his accounts, &c.

Upon the marriage of the said *Rachel* with *William Todd*, the suit abated, and a bill of revivor was filed by *Todd and Wife* against *Pratt*, who appeared, &c. Upon a general replication being entered to the answer, the auditor was directed to state the accounts, &c. who did state two accounts, one of which stated that 1591*l* 5s 1*d* current money, including interest, was due on the 20th May 1801, on the mortgages; and the *other*, that 1627*l* 5s 3*d* current money, including a balance due on an open account, was due on the same day, including interest, &c. deducting the amount of the sales of the negroes made in virtue of an interlocutory decree of the court of chancery.

*Key.* for the Complainants, objected to a decree confirming the report of the auditor, so far as the same should affect the tract of land called *Relief*.

1. Because that tract was originally the estate of *Thomas Baynard*, who was seised thereof in fee, and by his last will and testament *entailed* it on his son *George*, from whom it descended to his son *George*, the mortgagor, *in tail*.

2. That the said *entail* had never been barred or docked either by *George*, the devisee, or *George*, the mortgagor; and that the mortgage did not bar or dock the *entail*.

3. That the complainant, *Rachel*, is heir *in tail* of the said tract of land.

4. That the knowledge of this *entail* did not come to either of the complainants until since their inter-marriage and the reference of the accounts to the auditor.

HANSON, Chancellor, (October 1801,) passed the following decree: "The chancellor has considered the complainants' exceptions; and the same are disallow-ed.  There can, he conceives, be no doubt, that if te-nant in tail can give an absolute conveyance in fee un-der the act of assembly, as tenant in fee, he may also give a conveyance in fee, subject to be avoided on the future payment of money by the said tenant; or, in other words, that tenant in tail may mortgage his land.  Could the chancellor conceive the point at all doubtful, he would require the opinion of the general court.

"It is the auditor's account, No. 2, which the chan-cellor hereby ratifies, and he conceives the complain-ants are not entitled to redeem, without paying the balance therein stated, of 1627*l* 5*s* 3*d*, with interest from the 20th of May last, when the account was stat-ed."  And in conformity with the agreement of the parties, and the decision of the chancellor, he decreed accordingly.  From which decree the complainants appealed to this court.

*Key* and *Johnson*, for the Appellants.

*Martin*, (Attorney General,) for the Appellee.

THE COURT OF APPEALS, at this term, *affirmed* the decree of the Court of Chancery.