Parker, C. J.
It is obvious, from a consideration of the facts reported by the judge, that the title of the demandant is well maintained by evidence ; and that it is, therefore, necessary for the tenant to impeach that title successfully, in order that he may retain his possession of the premises demanded.
There are three grounds upon which the tenant has attempted to defeat the title of the demandant.
First, he says, that no interest or title in the land passed from Catherine to John Williams, the assignment being only of the mortgage deed, and the notes of Haynes accompanying it, and not of the estate.
But this objection was not much relied on ; nor ought it to be ; for the language of the deed of assignment sufficiently shows the intention of Catherine Williams to assign her interest in the land as well as the deed. And we can have no doubt, that, generally, when a mortgagee makes a deed of assignment upon the back of [ *31 ] the mortgage deed, or by a separate * instrument referring to it, the assignee is put in the place of the mortgagee, to all intents and purposes ; unless a different intention is apparent from their contract.†
The next objection to the title of the demandant is founded on the usurious contract between Catherine and John Williams, which was *35 proved at the trial, and would unquestionably avoid any assurance made to secure that bargain between the parties to it.
The counsel for the demandant has, however, argued, that, as the demandant was not party nor privy to that contract, the assignment to him by John Williams ought not to be prejudiced by it.
Whether he is right or not in this reply to the objection need not now be decided ; provided another fact, which was submitted to the jury, and determined by them against the demandant, was sufficiently proved by competent evidence admitted at the trial; which fact so found is, that the assignment by John Williams to the demandant was not made bona fide, nor for a valuable consideration ; but was made in secret trust for the benefit of John Williams, so that nothing passed out of him by that assignment against creditors or purchasers.
The Court are of opinion, that the evidence objected to was rightly admitted oy the judge, and that it fully warranted the verdict on this point. There was sufficient reason for the jury to presume that the deed of John Williams to the demandant was fabricated at a time subsequent to its apparent date, for the purpose of intercepting the trustee process mentioned in the report; and there was evidence of the acts and declarations of the demandant, tending to prove that he acted as the friend and trustee of John Williams.
As to the objection, that a trust of this nature cannot legally exist without a declaration in writing, signed by the party who holds the legal estate, this does not apply to secret trusts and confidences, created for the purpose of defeating or delaying creditors ; which may always be proved by paroi, and, when so proved, render wholly inoperative the * formal transactions which [*32] may have been adopted for such purposes by the parties.
The case is to be considered, therefore, as if John Williams himself was the party now claiming to enforce his title derived from Cath erine Williams, under the assignment made to secure a usurious loan of money.
In this light another objection is presented, namely ; that usury cannot be given in evidence under the general issue, but ought to have been specially pleaded.
It is, without doubt, generally true, that, to an action brought on a specialty, the party intending to avoid the contract, on the ground of usury, must set forth the matter in a special plea. But we think this strictness applicable only to the original parties to the instrument ; who are presumed to have full knowledge of the consideration, and may, therefore, be properly held to notify the other party of the intended grounds of defence. There seems also a technical difficulty in giving usury in evidence under a plea of non est factum, which does not apply to the issue in the present action, which is upon nul disseizin. But, however this may be between the parties to the *36 instrument intended to be avoided, we are of opinion, that a subsequent purchaser of a title from, a grantor, who has already executed a conveyance to another, which, by statute, is void, is not holden to plead this matter, but may give it in evidence. He may not be apprized of such defence, until it is too late to plead it ; and, when he offers to prove it, the adverse party may always have time given him to rebut such evidence.
No authorities have been cited by the counsel, or found by us, decisive of this point; but we think the principles of the common law, on which pleading is founded, fully justify this opinion.
Here there would be an end of the demandant’s title ; but, as another point was submitted to the jury, and we cannot discern whether upon this or the one already discussed their ver[*33] diet was founded, it is necessary to examine *the residue of the direction of the judge, and see whether it was cor rect; for, if it was not, a new trial must be granted.
This point grows out of the trustee process instituted by Abraham Tuckerman, in 1806, in which process he sued John Williams, and summoned Catherine Williams as his trustee. In her disclosure she admitted that she owed John Williams the sum for which the assignment before mentioned was given as security. The summons was served upon her in March, 1806, one month after the deed from John Williams to the demandant bears date ; but before it was proved to have been delivered. In this process and disclosure she did not attempt to avoid the debt on the ground of usury, probably being willing that it should be recovered by the person instituting the suit. In November, 1807, judgment was rendered against John Williams for a large sum, and also against Catherine Williams for the goods, effects, and credits of John Williams in her hands, she having been adjudged trustee by the Court. Now, if she was rightfully adjudged trustee in that process, and has paid over to the judgment creditor the amount due to John Williams pursuant to the judgment, which she may be considered to have done by the transactions between her, the tenant, and the judgment debtor; then the assignment to John Williams, which was only a pledge for this debt, cannot be set up by him against her release to the tenant; nor by the demandant, because of the trust before mentioned.
The objection to this position of the case by the demandant’s counsel is, that Catherine Williams was never the debtor of John Williams; that, having given no bond or note collateral to the assignment, that was not to be considered in nature of a mortgage ; but as a conditional sale, to be void on payment of money as expressed in the condition ; the assignee having no personal righi of action for the money, as there was no covenant for payment in the deed. And this would be the true character of the transaction, were it not for the *37 verbal promise to pay, which was satisfactorily proved in the case. The cases cited, and especially that from the reading of the learned Judge Trowbridge on Mortgages [8 Mass. * Rep. [*34] 568], sufficiently establish the law to be, that, in a conditional sale like those above described, the grantor is not a debtor, and cannot be compelled to pay otherwise than by the land pledged.
But this case is wholly different from a conditional sale ; for here there was a direct and positive promise to pay; and, there having been a valuable and adequate consideration advanced, an action would undoubtedly have lain by John against Catherine Williams upon that promise.
The assignment must, therefore, be considered as a mortgage, collateral to the oral promise ; and so Catherine was the debtor of John Williams, and the debt liable to be taken by the trustee process by his creditors. The direction of the judge, therefore, on this part of the case, was correct; and we are all satisfied that judgment ought to be entered upon the verdict.

 Warden vs. Adams, 15 Mass. Rap. 233.