1823.

WHITNEY
v.
M'KINNEY.

WHITNEY *against* M'KINNEY.

On a bill for foreclosure by the assignee of a mortgage, the mortgagee need not be made a party, he having parted with all his interest by an absolute assignment.

Nor does the circumstance, that the mortgagee took possession of the premises and received the rents and profits, until the assignment, render it necessary to make him a party.

So, where a mortgage has been absolutely assigned, it is not necessary to make the mortgagee a party to a bill brought by the mortgagor to redeem, for the assignee, standing in the place of the original mortgagee, will be decreed to convey.

*April 16th.* BILL, filed *August* 3, 1822, stated that the defendant, on the 20th of *December*, 1816, executed a bond and mortgage to *Ezekiel Crocker*, to secure the payment of 3000 dollars, the one half on the 1st of *October*, 1818, and the other half on the 1st of *October* following. On the 28th of *May*, 1817, a payment of 92 dollars and 87 cents was made; and on the 3d of *November*, 1817, an agreement was entered into between *C.* and the defendant, and indorsed on the bond, by which *C.* stipulated, that if, before the time of the last payment, the mortgagor should satisfy the incumbrances existing on the mortgaged premises, before the mortgage, so that the title of a purchaser on a sale under the mortgage should be fully confirmed, *C.* would not hold the defendant responsible for the payment of the bond, but be satisfied with the lands bound by the mortgage. That on the 3d of *June*,

1822, *C.*, being indebted to the plaintiff, assigned the bond and mortgage to him, under seal, in payment of the debt, which assignment was absolute, and gave the plaintiff full power to collect the money, and apply the same to his own use. *C.*, on the 3d of *November*, 1817, entered into possession of the mortgaged premises, except 12 rods of land, and received the rents and profits until the assignment to the plaintiff, who entered into possession of a part of the premises, and received the rents and profits. That, on the 3d of *November*, 1817, it was agreed by parol, that *C.* should accept from the defendant the mortgaged premises, in satisfaction of the bond and mortgage; but that *C.* being in embarrassed circumstances, and desirous that the title should remain in the defendant, agreed that the indorsement should be made on the bond as above mentioned, by which it was intended to release the defendant from personal responsibility, on his satisfying the existing incumbrances; and it was further agreed, that the defendant should hold the fee or equity of redemption of the premises *in trust* for *C.*, and to be conveyed to such person and in such manner as *C.* should direct. That the mortgaged premises were not worth the money due on the bond and mortgage. That since the last mentioned agreement, the defendant has frequently declared, that he held the title and equity of redemption in trust for *C.*, and was ready to convey as he might direct. That *C.*, after the agreement, took entire possession of the premises, except the 12 rods, with the knowledge of the defendant. That, on the 5th of *June*, 1822, the plaintiff gave notice in writing to the defendant, of the assignment of the mortgage, and the defendant then agreed to release the equity of redemption to the plaintiff, to save the expense of foreclosure. But the defendant, afterwards, with knowledge of the assignment, on the 10th of *July*, 1822, procured from *C.* a satisfaction and discharge of the mortgage, by which *C.* acknowledged that the mortgage had been satisfied and discharged, on or before the 1st

1823.

WHITNEY
v.
M'KINNEY.

of *May*, 1822 ; and such satisfaction was entered of record in the clerk's office the 11th of *July*, 1822. The bill charged, that this certificate of satisfaction was false and fraudulent, &c. That all the money, except the small sum paid, was due on the mortgage, &c. Prayer, that the defendant be decreed to pay the balance due, and that the discharge of the mortgage be vacated, or that the defendant release the equity of redemption, or that the mortgaged premises be sold, &c.

The defendant demurred to the bill: Because, by the certificate of satisfaction, the bond and mortgage were declared to have been satisfied on the 1st of *May*, 1822, which was previous to the assignment to the plaintiff: Because, the bond and mortgage were fully satisfied by the agreement of the 3d of *November*, 1817, by which *C.* was to accept the premises in full satisfaction and discharge of the bond and mortgage : Because, *C.*, the mortgagee, is a proper party in interest, entitled and interested to contest the validity of the assignment to the plaintiff, and to answer wherefore he discharged the bond and mortgage on the 10th of *July*, 1822, and ought to have been made a party.

*Henry*, in support of the demurrer.

*Butler*, contra. He cited 2 *Madd. Ch.* 151. 9 *Vesey*, 266. 269. 3 *Ansth.* 651. 2 *Atk.* 39. 235. 3 *Johns. Cases*, 322. 330. 4 *Vesey*, 118. 389. 2 *Vernon*, 135. 1 *Ch. Cases*, 67. 2 *P. Wms.* 642. 3 *Bro.* 25. 510. 1 *Vesey, Jun.* 463. 2 *Madd. Ch.* 147. 3 *P. Wms.* 210. 7 *Vesey*, 287. 19 *Vesey*, 251. 15 *Vesey*, 164. 1 *Vesey & Bea.* 545.

THE CHANCELLOR. I do not apprehend it to be necessary, in all cases of a bill to foreclose by the assignee of a mortgage, that the mortgagee should be a party defendant. In *Hobart* v. *Abbott*, (2 *P. Wms.* 642.) and in *Johnson*

v. *Hart*, (3 *Johns. Cas.* 322.) the mortgagee assigned his mortgage not absolutely, as in this case, but by way of mortgage, and he had, of course, a right to redeem, as against his own assignee. The mortgagee was, therefore, held, in those cases, to be a necessary party. But where the assignment is absolute, and the mortgagee parts with all his interest in the mortgage, and there is nothing special and peculiar in the case, the assignee is under no necessity to make the mortgagee a party to a bill to foreclose. The general principle, as declared in *Fenton* v. *Hughes*, (7 *Ves.* 287.) is, that a person, who has no interest in the suit, and is a mere witness, against whom there could be no relief, ought not to be party.. In *Williams* v. *Sorrell*,. (4 *Ves.* 389.) which was a bill by an assignee to foreclose, the mortgagee does not appear to have been a party, though there had been payments made to the mortgagee before the assignment. So, in the analogous case of a mortgage assigned, and a bill by the mortgagor to redeem, he need not bring the original mortgagee before the Court, for the assignee, as standing in his place, will be decreed to convey. (*Hill* v. *Adams*, 2 *Atk.* 39. Lord *Eldon*, in 9 *Ves.* 269. *S. P.*) So, also, in *Whitworth* v. *Davis*, (1 *Ves. & Bea.* 545.) it was held, that a bankrupt, who had assigned all his legal and equitable interest, was not a necessary party to a bill against his assignees.

But the present case has been supposed to disclose special circumstances, rendering it proper that *Crocker*, the mortgagee, should be made a party defendant; and it becomes necessary to examine these circumstances, in order to ascertain their import and effect.

The bill states, that *C.*, the mortgagee, took possession of the mortgaged premises, or the principal part of them, and enjoyed the rents and profits until the assignment to the plaintiff, and which assignment purports to be a full and absolute assignment of all his right and interest as a

1823.

WHITNEY
v.
M'KINNEY.

mortgagee. This fact does not require him to be a party. The defendant will have a right, no doubt, as against the plaintiff, to have an account of these rents and profits. But what interest has *C.* in the taking of that account, more than the mortgagee had in respect to the previous payments in the case of *Williams* v. *Sorrell?* The taking the account is only to ascertain the credit due on the mortgage, and will only be material as between the parties to this suit, and will not conclude *C.* one way or the other. Whatever the net value of those rents and profits may be, that value will go to the credit of the defendant on his mortgage, and no relief can be granted on this bill, as against *C.*, in respect to the rents and profits, be they more or less. It will be a question merely between the parties to this suit, as to the extent of the credit to which the defendant may be entitled upon the mortgage.

This fact, therefore, does not require that the mortgagee should be made a party.

It also appears by the bill, that the mortgagee claimed, under a parol agreement, concurrent, in point of time, with a certain stipulation indorsed upon the mortgage, the absolute right and title to the land in law and equity, and that the defendant held the equity of redemption as a naked trustee for him. But, from the bill itself, I should conclude that the defendant was entitled to the right of redemption, notwithstanding any such parol agreement; and that the assignment of the bond and mortgage to the plaintiff, and the delivery of the possession under it, stopped the mortgagee from setting up any such parol agreement, in contradiction to his own assignment, giving to the plaintiff the right to deal with the mortgage as a valid and subsisting incumbrance. Assuming the equity of redemption still to reside in the defendant, (and this is the conclusion arising upon the facts in the bill,) the surplus moneys, if any, after satisfying the mortgage, would go to the defendant, and not to *Crocker*, the mort-

gagee. If we are to take the charges in the bill to be true, in judging upon the demurrer, *C.* has no interest in this suit, for it seeks only payment of the mortgage debt, or a foreclosure of the defendant's equity of redemption. The decree would only affect that equity, and would leave the rights and claims of the plaintiff and *C.*, as between each other, unaffected, as being matter foreign to the suit.

It might, perhaps, be convenient to the plaintiff to have brought *C.* into Court, so as to have a decision in this cause, not only of his claims against the defendant upon the mortgage, but also of the assumed rights and pretences of *C.*, under the parol agreement. But this would be confounding different causes of action in one suit, and it does not rest with the defendant to raise this objection of want of parties; for, as the mere owner of the equity of redemption, he has no interest in the question, or in any future litigation, to arise between *C.* and the plaintiff. It would be as to him *res inter alios acta.*

I shall, consequently, overrule the demurrer, and order the defendant to put in a good and sufficient answer in six weeks; and that the question of the costs of the plaintiff, upon this demurrer, be reserved to the final hearing.

Demurrer overruled.