Putnam J.
delivered the opinion of the Court. The question to be settled in this case is, whether the ship, appurtenances and cargo belong to the plaintiffs, who claim in virtue of the assignment from Coltman, or whether the defendant shall have the same for the use of Bradlee, who claims in virtue of an attachment of the same as the property of Coltman.
The cause has been elaborately argued. Many points nave been raised, and many authorities have been cited in support of them, upon which, from the view we have taken of the case, it is not necessary to remark.
It has been objected that the creditors of the third part had not executed the instrument, or accepted the grant, before the attachment. But upon the authority of Hastings v. Baldwin, 17 Mass. R. 556, the signature of the plaintiffs may be considered as having a double aspect, viz. as the signature of creditors, as well as of trustees, of Coltman. The same objection *142 was raised to the assignment in that case ; but‘t appearing that the trustees, who were the second party to the instrument, were also creditors who were to be paid out of the fund, it was thought that the instrument was well executed. The case was the same here. And although the debt of the plaintiffs was small in comparison with the property assigned, it was not necessarily for that cause void. That circumstance would only be evidence to the jury tending to prove the transaction fraudulent.
This view of the case makes it unnecessary to examine the numerous authorities which have been cited by the plaintiffs’ counsel, to prove that an assignment made to trustees, with an honest intention of making a fair distribution among all the creditors, is good, notwithstanding they had not assented prior to an attachment;[1] 2for the plaintiffs being creditors and having assented, the property would pass to them, although no other creditors should have become parties, if the conveyance were free from all other objection.[2]
It has been contended, that it should have been left to the jury to decide upon the whole matter, whether the conveyance were fraudulent or not. But where the defect is apparent upon the deed itself,-the effect of it becomes a question of law. It would be worse than useless to submit it to the jury to say, upon such evidence, whether it should be void against creditors or not, when, if they should happen to decide against the legal effect of the instrument, it would be the duty of the Court to set aside the verdict. In Murray v. Riggs, 15 Johns. R. 588, Thompson C. J. says, “ whenever the fraud, if it exist at all, is to be collected only from the deeds themselves, it then becomes a question of fraud in law.” Vid. Lavender v. Blackstone, 2 Lev. 146 ; Tarback v. Marbury, 2 Vern. 510, S. P.; Tyre v. Littleton 2 Brownl. 190, S. P.[3]
*143 The great question, therefore, arises from the face of the deed. It purports to convey the property to the plaintiffs, in trust, that they should sell the same, and from the proceeds of the sale should pay themselves 407 dollars, 35 cents, the amount of their demand against Coltman, then should pay to Coltman 1000 dollars, provided the residue of the proceeds of the sale should pay to the creditors who should execute the instrument 70 per cent., and if not, then should pay to Coltman such proportion of 1000 dollars as the creditors should receive of 70 per cent. Many cases have been cited by the counsel for the plaintiffs, in support of this conveyance, from English and from American decisions. One of the former which was much relied upon, is the case of Estwick v. Caillaud, 5 T. R. 420, which was to the point presented upon the face of the deed, viz. the reservation of the 1000 dollars to the vendor.
In that case Lord Abington conveyed to trustees, to pay one half for the use of himself, and the residue for the use of certain creditors. But the great distinction between that case and the case at bar is, that it did not appear that the deed conveyed the whole of Lord Abington’s property. There was nothing appearing upon the face of the deed, that could be a fraud upon the bankrupt laws. But the deed of Coltman expressly states, that the property it purports to convey was all that he had, excepting such as was by law exempted from the attachment of his creditors. In the case cited there was only a preference given to certain creditors ; which of itself is not objectionable ; and it was not made under the contemplation of an insolvency. Lord Kenyon very properly held, that such preference might well be given, if the property which was set apart did not exhaust the whole estate. Jlshhurst J. observes that one may give a preference, provided the bankrupt laws do not interfere. So here, one may prefer, if the attachment laws do not prevent.
The question in this case is, whether an insolvent debtor may transfer his whole property in such manner as to make a provision for himself, and to lock it up from his creditors who do not feel satisfied to accept of their proportion of the residuum.
*144 We are referred also to Murray v. Riggs, 15 Johns. R. 589, as establishing the position, that the grantors’ reserving to their own use a very considerable sum, 2000 dollars a year, for their maintenance and support, does not form any objection to the appropriation of the residue. In that case the court remark, “though in case of a deficiency to satisfy the creditors, they might apply to a court of equity, for the appropriation of the property so reserved, towards the payment of their demands.”
So it should seem, that in New York the creditors would have a remedy for the property reserved by the debtor. It would be difficult to find such remedy here. The equity power of the Court could not extend to such a case, and it might happen that the trustee would be unable to pay, if the money should be attached in his hands.
The question still recurs, whether by the conveyance to the plaintiffs a creditor shall be prevented from attaching the property itself. Does it not delay, hinder and defraud creditors, and is not that intent apparent in the deed itself ? The case cited from 15 Johns. R. overruled the decision of Mr. Chancellor Kent, appearing in 2 Johns. Ch. R. The chancellor remarks, in that case, that a reservation to the grantor does not destroy the deed as to the remainder, (as in the case of Estwick v. Caillaud above cited, as it must be considered that Lord Abington had no intent to delay or defraud,) and that the creditors might go into a court of chancery for the amount reserved. But the chancellor did not support that conveyance. He observes, in very strong terms, “ If an insolvent debtor may make sweeping dispo-. sitions of his property to select and favorite creditors, yet loaded with such durable and beneficial provisions for himself, and incumbered with such onerous and arbitrary con ditions and penalties, it would be impossible for courts of justice to uphold credit or to exact the punctual performance of contracts.”
But however this conveyance might be considered in New York, or elsewhere, we must try it by the provisions of out own attachment laws. It is the policy of this State, that *145 the property of debtors should be liable to be attached for the use of the attaching creditor, and not for the benefit of all the creditors. There is no statute of insolvency applicable to living debtors here.
In the case of Widgery v. Haskell, 5 Mass. R. 151, this subject was much discussed; and if the decision of this Court, as pronounced by Parsons C. J., is not to be overruled, it seems to be conceded by the counsel for the plaintiffs, that the conveyance cannot be supported. In that case Taber & Son made a deed to pay Widgery and others, and such as would come into the arrangement upon certain terms prescribed by themselves, the debtors ; among other things, providing that the claims against them should be settled by referees. The property was attached by a creditor who did not like and had not assented to the conveyance. In that case the Court say, that the intent of the parties to the deed was u to compel the discharge of- the grantors from all their debts, by locking up from every creditor who would not discharge them, every part of the estate of the grantors.” “ Does the law allow an insolvent debtor to make this bankrupt law for himself ? ” “ The creditor must be a party or assenting to this payment or conveyance. If he be not &c., nothing passes from the debtor, and his estate intended to be conveyed remains liable to attachment by any other creditor. ” “ This opinion is agreeable to the course of decisions on this subject in the courts of this State.”
In the case at bar, the avowed intent is to lock up the debtor’s property, unless his creditors will permit him to take nearly one third of it for himself, and will take the residue in full discharge of their demands.
The doctrine of Widgery v. Haskell has been recognised in Stevens v. Bell, 6 Mass. R. 342. But if this were under consideration for the first time in our Court, we should all come to the same result. Suppose the deed upon the face of it were good, and a creditor should prove to a jury that it was given upon a secret trust for the benefit of the grantor, to the intent to delay the creditors ; the Court would be bound to instruct them, that it would be void as against the *146 creditors.* [1] Can it make the case better for the plaintiffs, that the trust is avowed in terms in the deed itself ?
It has been argued, however, that the decision in the case of Widgery v. Haskell was induced partly from the consideration, that the Court had no adequate equity powers to compel a performance of trusts. But if this cause were before us as a court of equity, and the parties interested were all before us, we could not compel a performance of the trust in favor of the debtor. It would be no less a fraud upon the attachment law, in a court of equity, than in a court of law.[1]
But it has been further contended, that the deed of Colt-man was upon a valuable consideration ; that so far as the plaintiffs were concerned, it was made to provide for an honest debt, and the property should be adjudged to pass to the plaintiffs ; and that the remedy of the creditors dissenting, should be by attaching the surplus in the plaintiffs’ hands after deducting their debt from the amount of the sale.
We have considered that argument, which was pressed with great zeal and learning, but cannot admit its validity The plaintiffs become parties to a deed, which upon its face appears to be made with intent to delay, defeat or defraud creditors. They are participes criminis. In Burlingame v. Bell, 16 Mass. R. 324, the Court held, that “ in the case of a fraudulent assignment, there can be no lien in favor of the assignee.” “ The man, who fraudulently receives the property of another, to prevent its being attached, ought not to have the right, against the will of the creditors, whom it is attempted to defraud, to have the opportunity to perfect the fraud, by disposing of the goods, and leaving the creditor his liability only for his security.”
In Hills v. Elliot, 12 Mass. R. 31, it was said by tlie chief justice, when speaking of secret trusts and confidences *147 for the purpose of defeating or delaying creditors, that “ when proved by parol they render wholly inoperative the formal transactions which have been adopted for such purposes by the parties.” In Drinkwater v. Drinkwater, 4 Mass. R. 357, Parsons C. J. speaks of such conveyances as being void against creditors. And such is the law touching this matter. It would be no discouragement to such practices, if the party grantee could avail himself of all his claims, after the legal fraud should have been detected, as he might have done, if he had not joined or aided in such an unlawful attempt, but had taken a conveyance only for the security of his own debt, or for other lawful purposes. But upon the principle contended for, the party to such a conveyance would reason thus ; “If the conveyance shall be established, I shall save my own debt and enable my friend to cover up his property from his creditors ; if it shall be avoided only in part, I shall notwithstanding save my debt; I will therefore help my friend to lock up his property from attachment, as in no event am I to be prejudiced by doing so.” Besides, such a course as is contended for would subject the creditor to suffer from the inability of the grantee to pay, as well as from a want of integrity in his answers upon the process of foreign attachment, when but for his interference a perfect security might be had by attaching the property. The creditor must not only be subjected to the chance of losing by the insolvency, but also by the dishonesty of the party chosen by the debtor to be his trustee. We speak now of the general operation of such a rule, and not intending in the least degree to impute any moral turpitude to the plaintiffs in the case at bar. We do not believe there was any.
We are disposed to adopt the reasoning and language of Mr. Chancellor Kent, in the case before cited, (2 Johns. Ch. R. 582,) that the grantee “ ought not to be permitted to avail himself of any advantage over the other creditors under an assignment fraudulent on its face.” “ If the assignment was void as against the general creditors, the title of the defendant (the grantee) to the property which he received under it fails. He came • by it wrongfully, and to permit him *148 to hold it, by setting off his own debt against it, would be giving effect to a transfer condemned in law.” [1]
This rule does not at all affect a case, where a conveyance of personal property is made, of greater value than is sufficient to pay the debt of the vendee, but without any intent which the law deems a fraud upon creditors. In such case the property passes. So it was decided in Burlingame v Bell above cited.
For the reasons above given we are all of opinion that the judgment must be for the defendant.

Motion to take off the nonsuit overruled.

 See Russell v. Woodward, 10 Pick. 415 ; Halsey v. Whitney, 4 Mason, 206 ; Bradford v. Tappan, 11 Pick. 56 ; Copeland v. Weld, 8 Greenl. 411.

 It is otherwise, where the assignee has not assented in writing to the assignment. For in such case, though he is himself a creditor and has received the property into his own hands, he cannot hold it for his debt against attachments by other creditors. Brewer v. Pitkin, 11 Pick. 298 ; Ward v. Lamson, 6 Pick. 358 ; Allen v. Megguire, 15 Mass. R. 490.

 Sherwood v. Marwick, 5 Greenl. 295 ; 1 Stark. Ev. 427; 2 id. 616.

 Passmore v. Eldridge, 12 Serg. & Rawle, 198; Wells v. Girling, 1 Brod & Bingh. 447.

 Mackie v. Cairnes, 1 Hopk. Ch. R. 404; S. C. 5 Cowen, 547; Russell v Woodward, 10 Pick. 408; Bowen v. Bramidge, 6 Car. & Payne, 140.

 See Andrews v. Ludlow, 5 Pick. 32, and the construction put upon that case in Beach v. Viles, 2 Peters, 678, 679. See also Brooks v. Marbury, 11 Wheat. 78; (6 Peters’s Cond. R. 223.)