[See Case No. 16,797.]

---

## Case No. 16,797.

UPHAM v. BROOKS et al.

[2 Woodb. & M. 407.] [1]

Circuit Court, D. Maine. May Term. 1847.

MORTGAGES—CONVEYANCE OF MORTGAGED LANDS—REDEMPTION—INSOLVENCY—RENTS AND PROFITS.

1. Where A. mortgages land to B. to indemnify him against an incumbrance on other land in favor of S., and then B. conveys this other land to C. with covenants against incumbrances, and specially agrees to redeem that one to S., it seems that C. is entitled to indemnity from the mortgaged premises, if he has been evicted or been obliged to pay the incumbrance to S.

[Cited in Huxley v. Rice, 40 Mich. 81.]

2. His right to this is strengthened by being assignee and grantee of A. the mortgagor; and these enable him to recover possession of the mortgaged premises from D. an assignee of B., on paying any debt from B. to D. secured in the mortgage.

3. But when the mortgage of A. to B. has been assigned by B. to D., the land cannot be held by D. against third persons entitled to redeem for any sum due from B. to D. and not included in any mortgage.

4. If B. has become insolvent, and a remedy against him on his covenant would be worthless, yet C. if taking the land mortgaged by A. to B. should obtain releases to B. on his covenants to C. and others, or file a good bond of indemnity against them.

5. D. is trustee of this land to indemnify against the incumbrance to S.

6. In this case, D. in possession must pay rents, when they ought to have been received, whether actually collected or not.

7. Quære, if liable for rents received by a previous occupant.

8. When a debt or liability secured by a mortgage has been discharged by the mortgagor or his assigns, the mortgagee and his assigns are trustees to make a reconveyance, and a court of equity will enforce one.

9. All privies in title and interest, as well as the mortgagor, have a right to redeem.

10. Whether a decree could be entered for any surplus of rents, &c. received, quære.

[Cited in Jewett v. Cunard, Case No. 7,310.]

This was a bill in chancery [by Nathaniel G. Upham] against Mrs. [Henrietta S.] Brooks, and at some stages of the proceeding

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

included Charles Muzzy and Thomas C. Upham. But there having been no service on Muzzy, and no appearance for him, and no question arising as to Thomas C. Upham, the only points made relate to the liability of Mrs. Brooks. The bill was filed. 21st Jan., 1842, and claims a right to redeem certain premises, situated in Portland in this state, held by the respondent, and mortgaged by one Robert Boyd to Charles Muzzy, 16th Dec., 1834, and by him assigned to Joshua Richardson, 16th Nov., 1838, and by Richardson to the respondent, 19th June, 1839. It further averred, that the respondent was taking the rents and profits, and refused to account for the same, or allow a redemption of the mortgage. The complainant derived his title in the manner following, as set out in the bill and evidence. [See Case No. 16,-796.] Boyd and others on the 16th of Dec., 1834, purchased a tract of land in Stetson, Maine, of Amasa Stetson, and executed to him a mortgage of the same to secure two notes due from them to him, amounting to $13,125, with interest from May 24, 1832, payable, one note July 1, 1835, and one July 1, 1837. On the same 16th Dec., 1834, Boyd conveyed one fourth of this tract of about 11,000 acres to Charles Muzzy, and received in part payment therefor a deed of the premises now in dispute. He then mortgaged the same back to Muzzy as security against the incumbrance on the land in favor of Stetson; and which incumbrance Boyd was to remove, as a condition of the mortgage, and if not doing it, the premises were to be forfeited. On the 13th of May, 1835, Muzzy conveyed the one fourth of the tract in Stetson, purchased by him of Boyd, to Oliver B. Dorance and Marshall French, with the usual covenants of seizin and against incumbrances, and also with this provision in the deed, "subject to a mortgage to said Stetson, which I hereby covenant to redeem or cause to be redeemed." On the 31st of Oct., 1838, Dorance & French conveyed about 2024 acres of the tract to Thomas C. Upham, for and on account of the complainant, for more than $7000 paid therefor by him, which said Thomas, after holding in trust till the filing of this bill, is averred in a supplemental bill to have conveyed to the complainant in Feb., 1842. On the 29th of Jan., 1842, Robert Boyd conveyed to the complainant all his interest in the premises in controversy. It was next averred, that, by neglect of Boyd and Muzzy and Dorance & French, and their insolvency, the mortgage to Stetson was never redeemed by any of them, but the latter entered on the premises for condition broken, and has foreclosed the same. And the complainant is without remedy, unless Muzzy is required or his assignee to apply the premises and their rents, mortgaged by Boyd to Muzzy, to indemnify against the incumbrance to Stetson. It further avers, that the complainant, in order to secure himself from entire loss by the failure of his grantors to redeem the Stetson mortgage, has procured releases of all on their covenants from and under Muzzy, and that he in person, or through his assignees, has never paid any thing on account of this mortgage, or his covenants against the same, and has demanded of the assignee of Muzzy, the respondent, a redemption of the mortgage from Boyd to secure Muzzy against the Stetson mortgage, and his covenants named in his subsequent conveyances. Finally, it alleges, that the respondent is combining with Muzzy to prevent the complainant from redeeming the premises, or obtaining any indemnity for the loss of his land, taken to satisfy Stetson's mortgage; that a remedy by a suit on the covenants against Muzzy would be worthless, as he is insolvent; and prays that the complainant be allowed to redeem the mortgage by means of the releases on Muzzy's covenants from all the grantees, including himself; and that Mrs. Brooks be made thereupon to yield up the premises and account for all the rents received by her and her assignees. It appeared in evidence, that Joshua Richardson, 19th Nov., 1838, gave a written notice to foreclose this mortgage after the assignment to him on the 6th of said November, and that, after his assignment of it to Mrs. Brooks, on the 19th of June, 1839, and before the three years for redemption had expired, she agreed with the complainant to postpone the time till the 21st day of January, 1841; and before the time expired, the complainant demanded an account of the rents, and an exhibit of the claims and payments by the respondent, which were refused, and made a tender of $20 to her to cover any nominal breach of the mortgage.

James Bell, for complainant.
Mr. Rand, for respondent.

WOODBURY, Circuit Justice. It may not be amiss to ascertain, first, the rights of the respondent in this case. She is not a mortgagee of these premises, to secure any debt due to herself; though both she and Richardson claim that Muzzy was indebted to them; and probably he made the assignment of Boyd's mortgage to them, with a view of furnishing some security for their claims. In this state of things, as regards third persons, it is well settled, that she has no rights in the mortgage or the mortgaged property beyond the debt or liability named in it in behalf of Muzzy. Loring v. Cooke, 3 Pick. 50; 2 Har. & J. 412; 1 Har. & J. 465; 2 Pick. 520, note; 1 Fairf. 161. And though in England under the doctrine of tacking a third mortgage to a first, the third may gain some advantage over the second (Com. Dig. "Chancery," 4, A, 10; 2 Vern. 691; 2 Story, Eq. Jur. § 1023, note; 2 Ves. Jr. 376), and though a pledge or assignment of a mortgage to C. held by B. against A. might raise an equity in C. to secure his claims against B., or

amount to what is called an "equitable mortgage" (4 Kent, Comm. 180; 2 Mylne & K. 417; 2 Ves. & B. 79; 12 Price, 597; 19 Ves. 209; Russel v. Russel, 1 Brown, Ch. 269), yet this could not avail as against A. or third persons who have before acquired interests in redeeming the original mortgage (4 Kent, Comm. 175; 1 P. Wms. 496; 2 Vern. 691, 764; 1 Ves. Sr. 123; 4 Ves. 121; 2 Wash. [Va.] 233; 2 Johns. Ch. 443; 2 Story, Eq. Jur. § 1010). Her rights are the same, then, here as Muzzy's, the original mortgagee. She is his assignee, and subject to all the equities against him. U. S. v. Sturges [Case No. 16,414]; Hills v. Eliot, 12 Mass. 26.

In the next place, what are the rights of the complainant? First, they are all which belonged to Boyd, the original mortgagor, he having released all his to N. G. Upham. In that position, the complainant is entitled to have the mortgage cancelled or to redeem it, on paying the notes to Stetson, which were the nominal condition, or relieving Muzzy, by releases of his covenants, from any risk and liability on account of those notes. Upham v. Brooks [Case No. 16,796]. In either event in equity, the sole design of the original mortgage will be accomplished, and the premises embraced in it ought to be restored to Boyd, the mortgagor, or rather to the complainant, who is now Boyd's assignee, and holds the equity of redemption. The right to redeem is indispensable from the contract, and is to be favored. 2 Story, Eq. Jur. § 1019. It belongs not only to the mortgagor, but his assigns, and indeed all privies in title or interest. Id. § 1023; Co. Litt. 208, note. Here, both of the former pre-requisites to redeem seem, from the evidence, to have been virtually complied with or performed by Upham as holder of that equity. He has let Stetson take the land in payment of the notes; and, till the contrary appears, it is prima facie sufficient in value to satisfy them. It is of no consequence how the debt is extinguished, if it be done. 1 Serg. & R. 312; 2 Burrows, 969; Hatch v. White [Case No. 6,209]; 1 Johns. 580. And he has, likewise, procured and tendered to Muzzy, or, in other words, to his assignees, releases of Muzzy from all liabilities on his covenants on account of the existence of the Stetson mortgage; and to secure him against these was the object, and indeed the whole gist or essence of the mortgage from Boyd. If any releases from any grantees are omitted, they should be specified, and then obtained, or a good bond of indemnity filed against any damage to Muzzy from his covenants in such cases.

Should these doings be regarded as an entire extinguishment of the mortgage debt or liability, rather than an equitable transfer of it to the complainant, then, as purchaser of the equity, he seems entitled to the premises. And, but for the contrary appearance of the records, he might perhaps rest safely on his rights to the premises, without a reconvey-

ance. 14 Mass. 101; 2 Mass. 493; 4 Kent, Comm. 195. But the records standing otherwise, he seems entitled to a reconveyance or release. The mortgagee or his assigns, after a discharge of the debt or liability, is regarded as a trustee for the mortgagor and his assigns, and holds the property, if at all, under an obligation to reconvey, and thus fulfil that resulting trust. Conard v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 441; Waltham Bank v. Inhabitants of Waltham [10 Metc. (Mass.) 334]; Bronson v. Kinzie, 1 How. [42 U. S.] 318.

In the second place, these rights of the complainant, in his capacity or character of the owner of the equity of redemption, are fortified by his position as one of the grantees of Muzzy under covenants by him against incumbrances. Having been evicted by Stetson under the prior incumbrance to Stetson, he has a right as against Muzzy to indemnity, on Muzzy's covenants. In order that Muzzy might make such indemnity in such an event, these very premises were mortgaged to him by Boyd, and should be applied by him to that object. In equity this can be enforced. The covenants run with the land (2 Johns. 1; 4 Mass. 408), and the remedy back on Muzzy is by the grantee evicted in the first instance (1 Conn. 244; 1 Fairf. 91); and that would be useless, since the insolvency of Muzzy, if a specific application of these premises was not made to relieve those injured by Stetson's incumbrance as originally contemplated.

Again, if the removal of that incumbrance by paying it with the land, or getting releases from the covenantees on account of it, transfers the rights to it in equity to him who does this, then the complainant having done it, is in this way virtually the holder of the debt, secured by the mortgage to Muzzy, and is in equity entitled to the mortgaged premises. 5 N. H. 432; 8 Mass. 557, 558; Upham v. Brooks [Case No. 16,796]; 2 Burrows, 978, 979; 4 Johns. 41; 2 Story, Eq. Jur. 291, note; 5 Johns. Ch. 590; Waltham Bank v. Inhabitants of Waltham [10 Metc. (Mass.) 334]. But it is not necessary to press that view of the case to a definite decision.

Finally, in another view still of the facts, the complainant is strengthened in his claim on equitable grounds. Muzzy not only had these premises as security against Stetson's incumbrance, but was bound in honesty and good faith to apply them in discharge of it, or to relieve his own and the subsequent grantees from loss through that incumbrance. Beside this, any other course would be injurious to Boyd, who furnished them, and who, if they are not so applied, would lose them, and still be liable on his own covenants. So it would be an advantage or gain to Muzzy never intended; as he would obtain and use these premises without ever paying any thing for them, and would apply them to discharge his own debts rather than the incumbrance of Boyd; and being insolvent, would never pay any thing for them even to subsequent grantees on their covenants.

against him. Until Muzzy paid something on account of the Stetson mortgage, he would be entitled to only nominal damages (12 Mass. 304), and $20 was tendered here to cover that. It would, therefore, be no very forced view to consider Muzzy in equity as trustee of these premises for the purpose of discharging the Stetson mortgage, or relieving any grantee of that land from loss by means of the Stetson mortgage. 2 Story, Eq. Jur. § 730; 6 Johns. Ch. 398; Flight v. Cook, 2 Ves. Sr. 619; 2 Brown, Ch. 321. Much less would this be a strained construction, when Muzzy not only promised verbally to indemnify the grantees against the Stetson mortgage, and covenanted generally against all incumbrances, which of course included Stetson's; but made a special and additional covenant in his deed to Dorance & French, "to redeem or cause to be redeemed" that mortgage. Not doing this, he has, therefore, caused to the complainant the loss of the land he obtained from Muzzy; and a specific execution of that trust by Muzzy, or by those to whom he has assigned the premises, seems demanded by general considerations of justice no less than his express contract. On the power to enforce this specific performance, see U. S. v. Sturges [Case No. 16,414], and cases there cited.

Under these different aspects of the case, all adding force to the equities of the first view of it, we think the plaintiff entitled to a redemption of the Boyd mortgage. He must file the releases of the several grantees, as well as the evidence of Stetson's foreclosure, and then he will be entitled to a reconveyance or release from the respondent. The offer to redeem was properly made to her, as assignee and in possession. Wing v. Davis, 7 Greenl. 33; 7 Johns. Ch. 147. Should any of the grantees be shown before the master not to have released, the plaintiff must file a satisfactory bond of indemnity to save the respondent and Muzzy harmless from the covenants in such case. In respect to the account required and to be rendered by the respondent, the master is to consider the evidence already in the case, concerning the rents received, since Muzzy or Richardson took possession of the premises under the Boyd mortgage. He is authorized to examine the respondent and others under oath as to the sums received for rents, and the application of them, and as to any taxes paid, or permanent improvements made by them. 10 Pick. 398; 4 Kent, Comm. 167, 168, and note; 2 Burge, Col. Law, 205. If the premises were at any time not rented from negligence, or were occupied by the mortgagees or their assigns, he will compute a reasonable rent during such periods. Coppring v. Cooke, 1 Vern. 270; Gordon v. Lewis [Case No. 5,613]; 5 Pick. 159; Jenkins v. Eldredge [Case No. 7,268]. He will allow interest on each side from the time of any payments made, or receipts, or dues of certain amounts, from either party. 10 Pick. 398; Finch v. Brown, 3 Beav. 70. And after his report is made, un-

less the parties agree upon the same, the court will decide what amount the respondent is liable to pay for rents and profits. Some of the cases look like holding the last occupant liable for all the previous rents, probably because he is in possession of the trust property, and should not take it without being responsible for every thing chargeable on it. Whitney v. M'Kinney, 7 Johns. Ch. 144; 2 Cow. 297; 2 Johns. 612; Pow. Mortg. 152, 904, 953. If the responsibility is regarded rather as personal, it would seem unjust to extend the liability beyond the length of time the respondent herself has occupied or received rents. So if the entry by the mortgagee be merely to foreclose, and not to take the rents and profits towards extinguishing interest on the debt, the liability would seem to be limited to the actual receipts or actual occupation, and to the time since such an entry. Gibson v. Crehore, 5 Pick. 159. If it should turn out, that a balance is due from the respondent to the complainant on account of rents and profits, a still further question may arise, whether a judgment and execution for it can be given in this bill to redeem. Under some statutes it has been held, that this cannot be done in some states, but the party is obliged to sue at law for it. Taylor v. Weld, 6 Mass. 268. But it may be in this bill and in this court, that a judgment for it can be asked and sustained on general principles of equity, without reference to any particular statute. Or that the statute of this state is broad enough to warrant such a judgment; or that the powers vested in the courts of Maine are broad enough, and should be executed by us. On this last see Smith v. Babcock [Case No. 13,009]; Clark v. Sohier [Id. 2,835].