Hitchcock, C. J.
It will be seen by the statement of the case, that Nathan L. Eice, the original mortgagee, is not a party in this case, either as complainant or defendant; but the exhibits show that there was.an absolute and unconditional transfer of the note and mortgage by Eice, for a valuable consideration, to the complainant, and the solo question raised, is, whether, under the circumstances of the case, the complainant *is entitled to a decree; in other words, whether the assignee of the original mortgagee can enforce the mortgage against the property mortgaged without having his assignor before the court.
According to the earlier practice of this court, it is believed to have been absolutely necessary, in such case, that the mortgagee should be made a party; and the same rule was applied in all cases where an assignee came into court to' enforce a contract, made and entered into between his assignor and a third person. We believe that this rule is founded in good sense; and that it should never have been departed from. The general rule is, that all parties interested in the subject matter of litigation in a chancery proceeding, should be before the court.
It may be said that a mortgagee, having made an absolute and unconditional assignment, has no interest. The fact, however, that such an assignment has been made, may be material to be ascertained by proof, as the assignment can not prove itself. Upon the existence of this fact, the question, whether the assignee has any title, must depend ; and it is contrary to our usual notions of legal propriety, that evidence should be introduced to prove that one who was once interested in a contract or mortgage, has parted with that interest, when he is not before the court to contest, if he .thinks proper, the proof so offered. But, although such is believed *406 to have been formerly the uniform practice of this court, yet, within these latter days, the rule has been, in some instances, departed from, and bills in chancery have been sustained at the suit of the assignee of a mortgage, or other contract, without having the assignor before the court. In adopting this practice, we have followed the courts of other states in the Union, and perhaps the courts in England.
In Whitney v. McKinney, 7 Johns. Ch. 144, Kent, Chancellor, gays, “I do not apprehend it to be necessary, in all cases of a bill to foreclose, by the assignee of a mortgage, that the mortgagee should be made a party defendant.” Again, on page 147: “ But where the assignment is absolute, and the ^assignee parts with all his interest in the mortgage, and there is nothing special and peculiar in the case, the assignee is under no necessity to make the mortgagee a party to a bill to foreclose.” To sustain the text, the chancellor cites 7 Ves. 287; 4 Ves. 389.
In Miller v. Bear, 3 Paige, 466, Chancellor Walworth says:
“There are many cases where an assignee of a chose in action, or of an interest in property, is now permitted to sue, without bringing the assignor before the court, where the latter was formerly held a necessary party. Where the assignee has the equitable interest in himself, so that nothing remains to be done by the assignor, who has parted with his entire interest in the proj^erty, both at law and in equity, I see no benefit which can result to any person by making him a party.”
In Story’s Equity Pleadings, sec. 153, it is said: “ The true principle would seem to be, that in all cases where the assignment is absolute and unconditional, leaving no equitable interest whatever in the assignor, and the extent and validity of the assignment is not doubted or denied, and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the latter a party.”
But it is unnecessary to cite further authorities. All the cases referred to by complainant’s counsel, go to sustain the principle to a greater or less extent. We yield to these authorities; but still we believe the old practice to be the best, and, as before stated, regret that it should have been departed from.
The complainant is entitled to a decree for a sale of the mortgaged promises, having first ascertained the amount due upon the note secured by the mortgage. (1)

 For decisions in relation to mortgages, see Wilcox’s Dig.; and for other *407 decisions, 17 Ohio, 264, 356, 371, 482; 18 Ohio, 35, 273, 428; 19 Ohio, 212; 1 West. Law Journal, 207, 398; 2 West. Law Journal, 70, 325; 7 Ib. 581; 8 Ib. 256, 371, 472, 536. See also 18 Ohio, 567.