EDWARD B. TAYLOR vs. THOMAS H. PAGE.

The mortgagee in a mortgage made to secure a negotiable promissory note which was given for the price of intoxicating liquors sold in violation of law, may convey a good title thereto by assigning the same with the note, before the maturity of the note, to one who takes them for a valuable consideration without notice.

WRIT OF ENTRY to foreclose a mortgage.

In the superior court it was agreed that the mortgage was made to Patrick Dempsey to secure a negotiable promissory note, which was given to Dempsey for the price of intoxicating liquors sold by him in violation of law, and that before the maturity of the note Dempsey assigned the mortgage and note to the plaintiff, who took them for a valuable consideration, and without notice of the original consideration; whereupon *Wilkinson*, J. ruled that the plaintiff was entitled to conditional judgment, and the defendant appealed to this court.

*W. P. Webster*, for the defendant.

*J. W. Emerson*, for the plaintiff.

METCALF, J. The ruling in this case was correct. For though the mortgage, as well as the note, was void, as between Dempsey and the defendant; *Brigham* v. *Potter*, 14 Gray, 522; yet the note is valid in the hands of the plaintiff, who is a *bona fide* indorsee for a valuable consideration, without notice of the illegal consideration for which it was given. *Cazet* v. *Field*, 9 Gray, 329. The mortgage given to secure payment of the note was also assigned to the plaintiff at the same time when the note was indorsed to him. And we know of no principle or authority which makes the mortgage less valid than the note, in the plaintiff's hands. We have nowhere found any reference to this point, except in *Hills* v. *Eliot*, 12 Mass. 31, where the court said that it was unnecessary to decide it in that case.

*Conditional judgment for the plaintiff.*