ROBERT G. WILEY *vs.* MARGARET WILLIAMSON.

Oxford. Decided February 15, 1878.

*Deed. Mortgage.*

The same rule, as to the necessity of registration, in order to give a priority of title, prevails between different assignees of a mortgage as between grantees under ordinary deeds.

A mortgagee assigned the mortgage thus: "I hereby assign to the said (assignee) the within mortgage deed, the debt thereby secured, and all my right, title and interest in the premises therein described." *Held,* that this assignment, having been recorded, transfers the mortgage title as against a prior unrecorded deed of the same land by the mortgagee, unless it is shown that the assignee had actual notice of the prior deed.

The doctrine, that a demandant cannot recover when all the deeds through or under which he claims are quitclaims, it not appearing that any of the grantors were ever in possession, cannot apply, where both sides claim to hold under titles which have descended from a common grantor.

ON REPORT.

WRIT OF ENTRY. If the plaintiff has the better title, the case to come back for trial as to amount of rents and profits; otherwise, judgment for the defendant.

Plea, *nul disseizin,* with a brief statement.

I. That the defendant was seized of the demanded premises as owner, and the plaintiff not seized and possessed, and not the owner.

II. That the plaintiff had only the title of one John Williamson, who was the original mortgagee, and had sold by quitclaim to the defendant's testator, and that at the time of the assignment he was not the owner of the premises demanded, but had sold the same to David Williamson, the defendant's testator, and they had been in open and exclusive possession since the sale by John Williamson, July 14, 1862.

Both parties claimed from the same grantor, Eames, the owner at the commencement of the transfers. David Williamson and the defendant, his widow, had been in possession of the premises from January 14, 1862, to the date of the writ, August 3, 1876, and she took by devise whatever interest he had.

The following is a synopsis of the transfers:

Mortgage, Eames to John Williamson, dated March 14, 1859, recorded March 16, 1859.

Foreclosure, commencing April 20, 1860, ending April 20, 1863.

Quitclaim, John Williamson to David Williamson, (husband of defendant) dated January 11, 1862, recorded May 5, 1871.

Warranty, Eames to David Williamson, dated January 14, 1862, recorded January 21, 1862.

Assignment of mortgage, John Williamson to Newton, January 21, 1863, recorded April 21, 1863.

Quitclaim, Newton to Twitchell, dated April 6, 1864, recorded April 9, 1864.

Quitclaim, Twitchell to Grover, dated and recorded August 10, 1866.

Quitclaim, Grover to plaintiff, dated and recorded January 21, 1868.

Each of the deeds covers the premises in dispute, some ten acres, and the defendant holds without question other lands, including a farm described in the deeds recorded March 16, 1859, and January 21, 1862.

*S. F. Gibson*, for the plaintiff, claimed that the deeds and assignment disclosed a complete chain of title from Eames to him through John Williamson, Newton, Twitchell and Grover, and that the quitclaim of John Williamson to David could not prevail over the subsequent assignment recorded earlier.

*E. Foster, jr.*, for the defendant, contended, in substance, that though the plaintiff had an apparent earlier title by the registry, yet all his sources of title being mere releases, commencing with the assignment of the mortgage by John Williamson after his quitclaim to the defendant's husband, conveyed nothing. The deeds on the plaintiff's side are all quitclaims and no evidence that any of his grantors ever had possession. He has shown no seizin in himself.

PETERS, J. The demandant claims under a mortgagee. The tenant claims under the mortgagor and also under the mortgagee. The mortgagee, before his assignment under which the demandant

holds, quitclaimed the parcel which the tenant now occupies, the mortgage covering that and other parcels. The quitclaim, under which the tenant's title became cleared of the mortgage, was before the assignment of the entire mortgage, but not recorded until after the assignment was recorded, the assignee having no notice of the prior quitclaim. Upon this case, the demandant must recover. The same rule prevails between assignees of a mortgage as between grantees under ordinary deeds and conveyances, so far as the necessity of registration is concerned. *Aiken* v. *Kilburne*, 27 Maine, 252. *Pierce* v. *Odlin*, Id. 341. *Reed* v. *Elwell*, 46 Maine, 270. *Pierce* v. *Faunce*, 47 Maine, 507. *Welch* v. *Priest*, 8 Allen, 165.

It is contended that the mortgagee did not assign the entire mortgage, but only his interest therein, such interest being that which he had not previously conveyed. The assignment contains this language : " I hereby assign . . . to the said . . . the within mortgage deed, the debt thereby secured, and all my right, title and interest in the premises therein described under and by virtue of the same." It was held in *Coe* v. *Persons unknown*, 43 Maine, 432, that a conveyance of all the right, title and interest, which a grantor has in a parcel of land, conveys only the actual title of the grantor and not such as was apparently his at the registry of deeds. There is a difference between this case and that. Here the mortgagee assigns " the mortgage deed." It was determined as long ago as the case of *Hills* v. *Eliot*, 12 Mass. 26, that an assignment of a mortgage was *ipso facto* a transfer of the premises covered by the mortgage, and the doctrine has never been questioned from that day to this. It is very common for assignors of mortgages to use the form used in this case, considering themselves not absolute owners in fee. It would be unwise to extend the principle of *Coe* v. *Persons unknown*, to cases like this.

The tenant invokes the principle approved in *Rand* v. *Skillin*, 63 Maine, 103, and in a series of previous cases, that where all the deeds, under or through which a demandant claims, are merely releases and quitclaim conveyances, and it does not appear that any of the grantors were ever in possession, such demandant

upon such title cannot recover. That doctrine is not applicable in this case. Here the title of each side comes down from the same grantor. The demandant claims under a mortgage with covenants of general warranty from such grantor.

The tenant is in possession under his unrecorded deed. The demandant knew him to be in possession, but did not know of the deed. That does not prevent a recovery by the demandant.

*Action to stand for trial.*

Appleton, C. J., Walton, Barrows, Virgin and Libbey, JJ., concurred.