The cause was submitted without argument, and the opinion of the Court delivered to the following effect by
Parsons, C. J.
This case comes before the Court on a case stated by the parties, whence two questions arise.
The first question is, whether from the facts disclosed in the depositions referred to, it is a presumption of law that a regular pai tition by deed was executed by Bradstreet and Nason, the tenants in common.
It appears that twenty-seven years ago, there was by these tenants a several possession in fact, and that they declared that they had made partition, not expressing whether by paroi or by deed; and there is no fact disclosed, from which it appears that a deed of partition was ever executed.
Since the statute of frauds, partition by paroi is void. But a several possession may be the consequence of a paroi partition. We cannot therefore infer, from the severance of the possession by the tenants in common, that a partition by deed was executed. Whether a deed of partition was or was not executed, is a question of fact, and not of law; and it is improperly submitted to us as a question of law. The fact ought to have been stated by the parties, or left to the decision of a jury on evidence. From the evidence disclosed, there does not appear sufficient for us to discharge the case, and send the cause to a jury, for them to infer that a partition by deed had been executed. The severance in possession commenced about twenty-seven years since, and yet two years after Bradstreet, one of the tenants, released all his right to Nason, the other tenant; and this i» a., the evidence, whence an inference could be made that, the partition was by deed.
* The other question is, as the plaintiff has clearly [ * 236 ] proved a seisin either by right or by wrong, whether the title the defendants have shown, authorized them lawfully to enter. For if they entered unjustly, the plaintiff must recover on his seisin in fact.
It appears that Bradstreet conveyed to Allen, in August, 1783, who thereupon entered, claiming a fee simple, and continued in possession under that claim until July, 1788, when he conveyed the premises in fee to the plaintiff, who thereupon entered, claiming the fee, and continued in possession under that claim until after June, 1803, when the defendants entered upon h'm. The plaintiff is therefore seised, so as to support a writ of entry against any person entering without a legal right of entry. •
The title of the defendants is thus stated; Bradstreet, in February *180 1785, while Allen was in the quiet possession, claiming a fee under his deed of 1783, released all his right, to Nason. In August, 1800, Nason, who had never entered on Allen or the plaintiff, conveyed the premises to J. Sullivan. The next day J. Sullivan conveyed all his right to J. Pitts. In July, 1801, J. Pitts, neither he nor J. Sullivan having entered upon the plaintiff, conveyed the premises to iS. &r E. Perkins, who, in June, 1803, conveyed the same to Mark Tucker, one of the defendants, under whom the other claims. And after this last conveyance, the defendants enter, which is the disseisin declared on.
King, for the plaintiff.
Wallingford, for the defendants.
From this view of the defendants’ title, we are satisfied that the plaintiff must prevail. No man, having a title to land, can pass the same by release, when neither of the parties to the release have any possession, actual or legal, in the land released (a). Nothing there-fore passed by Bradstreefs release to Nason, Allen being then : possession, claiming a fee simple.
Neither can a man, having right, convey when he is disseised. When Nason conveyed to Sullivan, the plaintiff, either by [ * 237 ] right or by wrong, was in fact seised. * If by right, Na-son had no estate to convey; if by wrong, Nason was disseised, and so long as the disseisin continued, no estate could pass by his conveyance to Sullivan. It is unnecessary to state the defendants’ title further; for the foundation failing, the superstructure must fall.
We have taken no notice of the mortgage by the tenants in common to John Tyng, to secure the payment of their bond to him. For the creditor having recovered judgment in 1796 on the bond, his executor, in August, 1803, discharged the judgment, and with it the mortgage. The mortgage may, therefore, be laid out of the case, as if never made (b).

Let the defendants be called.

 Warren vs. Childs, 11 Mass. 222. — Mayo vs. Libbey, 12 Mass. 343.

 Vide Porter vs. Hill, 9 Mass. 34. — Perkins vs. Pitts, 11 Mass. 125.