Wilde, J.
This is an action brought by the assignee of the mortgagee against the mortgagor ; and the first question to be determined is, whether the rejoinder of the tenants, in the first set of pleadings, be well pleaded. [Here the judge recited the pleadings.] And whether * this rejoinder be a de *92 parture from the bar or not, depends on the construction to be given to the rejoinder, as to the waiving of the demand.
If we are to understand that this is alleged to have been by the mutual consent of the parties, then the rejoinder is free from objection. For if the matter in the rejoinder fortifies the bar, it is no departure. As in trespass for taking a horse, if the defendant justify for a distress damage feasant, the plaintiff may reply that the defendant afterwards used the horse, which shows that he was a trespasser ah initia. (1) Now, it must be recollected that the demand or notice required; in this case, was to be a subsisting demand for twenty days ; and if, within the twenty days, it was waived by mutual consent of parties, it may be treated as a nullity.
But if we understand the. rejoinder in the sense probably intended, and which is the most obvious, namely, as an allegation of a tender or offer to pay by the tenants, within twenty days after the notice set forth in the replication, and a refusal by the demand-ant, then the matter in the rejoinder is clearly a departure from the bar. For the bar denies any demand or notice on the part of the demandant, and the rejoinder admits it, making it the basis ot a tender, or quasi tender, by the tenants, and a refusal by the demandant; which denial and admission are manifestly inconsistent, and cannot stand together.
Supposing, however, that the rejoinder is to be understood in the sense first mentioned, and so free from objection; we shall be then brought to the consideration of the plea in bar; and if that be insufficient, the demandant must still prevail; and we have no doubt ' that the plea in bar is bad.
The mortgagee’s estate and right to possession continue until the full and complete performance of the condition, or a tender equivalent thereto. The plea shows only a performance in part, which cannot defeat the demandant’s estate ; and is a bar only to a conditional judgment under the statute, and should have *been so pleaded. Or, if the tenants could prove a tender and refusal, as to the 261 dollars 15 cents, it should have been alleged in the plea in bar, which would have been sufficient to defeat the demandant’s estate. For if Abor-> rows money of B, and afterwards mortgages land to-B, with condition for the payment thereof, and A tenders the money, and B refuses to accept thereof, the land is discharged, although the debt may remain. (2)
But in the case at bar, the plea does not allege performance of *93 the condition, nor a tender and refusal. Nor can this deficiency be supplied by matter in the rejoinder; or if it could, still, in the ■sense in which, in such case, it must be taken, the rejoinder would be bad as a departure, for the reasons before given.
The question, as to the second set of pleadings, depends on the sufficiency of the replication; against which the objection seems to be, that it contains no assignment of a breach of the condition of the mortgage deed, and this would be a valid objection in an action of assumpsit on the notes, or on an agreement in the words of the condition.
But in an action on the deed, the mortgagee is not required to show a breach of the condition, unless his object be to foreclose by means of a conditional judgment. The replication must therefore be held good; and the demandant must have judgment for possession at common law. His title, however, will still remain liable to be defeated by the performance of the condition, or by a tender and refusal; after which the mortgagors will have a right to enter, and to be reinstated in their.former estate.

 Chitty on Pleadings, 622. — Com. Dig., Pleader, F. 11.

1 Co. lit. 209. —1 Roll. 457, 458, 463, 467. — Powell on Mortgages, 7, 8.