## Case No. 5,720.
### GRAY v. JENKS et al.
[3 Mason, 520.] [1]
Circuit Court, D. Maine.     Oct. Term, 1825.

MORTGAGE—WRIT OF ENTRY.

A mortgagee of a satisfied mortgage cannot maintain an action at law to recover possession against the mortgagor, or persons claiming under him, by the law of the state of Maine.

[Cited in Hull of a New Ship, Case No. 6,859; Shipley v. Rangley, Id. 12,756; Leland v. The Medora, Id. 8,237; Brobst v. Brock, 10 Wall. (77 U. S.) 537.]

[Cited in Martineau v. McCollum, 3 Pin. (Wis.) 456; Southerin v. Mendum, 5 N. H. 431; Robinson v. Leavitt, 7 N. H. 94; McMillan v. Richards, 9 Cal. 409; Hyams v. Bamberger (Utah) 36 Pac. 204; Mathews v. Light, 40 Me. 396; Dyer v. Toothaker, 51 Me. 381.]

Writ of entry.—The cause was argued on special pleadings, setting up a defence, that the suit was brought on a satisfied mortgage.

---

[1] [Reported by William P. Mason, Esq.]

Mr. Daveis. for plaintiff.
Fessenden & Greenleaf, for defendants.

STORY, Circuit Justice.   This is a writ of entry sur disseisin in common form.   The pleadings, upon which at present I shall not stop to comment, set up as a principal bar to the recovery, that the title of the demandant is solely founded upon a sat'sfied mortgage, the demandant being mortgagee, and the tenants. heirs or privies in estate of the mortgagor.   It is unnecessary to consider. whether the mortgagee, after condition broken, can maintain a general writ of entry sur disseisin, if the fact is specially pleaded in bar of the action.   The early decision in the negative (Erskine v. Townsend, 2 Mass. 493) seems upon good reason to have been recently overturned in the case of Green v. Kemp, 13 Mass. 515.   But without expressing any absolute opinion on this point, because it is not in contestation between the parties, I proceed at once to that, which has been so ably and elaborately argued at the bar.   The question is, whether after a mortgage has been paid or satisfied, but the same has not been discharged by an acknowledgment of satisfaction in the registry of deeds, or by a release, the mortgagee can maintain a suit at law for the recovery and possession of the mortgaged premises against the mortgagor and persons claiming under him.   In the examination of this question the court must be governed altogether by the state jurisprudence, for it is purely a point of local law; and the doctrines of the common law, and the decision of the judicial tribunals of other states, are no farther to be used, than as they may illustrate what is obscure, and furnish analogies to guide in what is unsettled on this subject in our own jurisprudence.   The view, which is taken of mortgages in courts of common law is, in many respects, essentially different from that, wh ch attracts the attention of courts of equity. This circumstance will in some measure account for the very different language held by eminent judges in discussing the subject at different times, and reconcile many of the apparent contrarieties of opinion, which are found in the authorities.   A judge at law sometimes deals with it in its most enlarged and liberal character, stripped of its technical and legal habiliments; and a judge in equity is sometimes obliged, in the administration of his duties, to follow out the doctrine of law, and to contemplate it with much of its original and ancient strictness. We all know, that after condition broken the mortgagee is considered at the common law as the absolute owner of the estate; but in equity the mortgagor is deemed the owner. and the mortgage itself a mere security of the debt.   When, however, we come to the doctrine of tacking mortgages. equity there looks to the law, and stays its hand upon that, which constitutes a legal objection to relief.

It does not appear, that before the provincial charter of Massachusetts, in 1692, there was any remedy at law for the mortgagor after breach of the condition; at least, I have not been able to trace any in the colonial ordinances.  Immediately after that charter, provision was made for the erection of a high court of chancery, by the act of 4 W. & M. c. 5; and again, in a more complete form by the act of 5 W. & M. c. 26. These statutes would have afforded the means of effectual relief; but the equity jurisdiction not being relished in the province, these statutes soon fell, and every subsequent effort to establish a general court of chancery has proved abortive.  The provincial act of 9 Wm. c. 48, § 3, directed, that upon satisfaction and payment of the mortgage, the mortgagee should, at the request of the mortgagor, cause such satisfaction and payment to be entered in the margin of the record of such mortgage in the register's office, and sign the same, which should "forever thereafter discharge defeat, and release such mortgage and perpetually bar all actions to be brought thereupon in any court of record;" and in case of the refusal of the mortgagee to make and sign such acknowledgment, or otherwise discharge the mortgage and release the estate, that statute gave an action against the mortgagee for all damages for want of such discharge or release. Act 10 Wm. III. c. 58, further provided, that in real actions upon mortgage the judgment should be conditional, that the mortgagor, his heirs, &c. should pay the mortgagee &c. such sum, as the court should determine to be justly due therefor, within two months' time after judgment, for discharging the mortgage, or that the plaintiff should recover possession of the estate sued for, and execution be awarded for the same.  And it was further provided, that where the mortgagee had entered into possession of the estate, the mortgagor should, upon tender of the money due. have a right to redeem the same at any time within three years after such entry, and that a bill in equity should lie in the courts of law for this purpose.  Compare Act 10 Wm. III. c. 58, §§ 3, 4, and Act 12 Anne. c. 108, § 2,—Colony & Prov. Laws (Ed. 1814) 324, 402. These enactments continued in force until after the revolution, and are substantially incorporated into the existing statutes of Massachusetts on the subject of mortgages. Judge Trowbridge in an argument on mortgages, written by him before the revolution, and since published in the supplement of our reports, seems to have considered, that under the provincial statutes the estate of the mortgagee was not divested by the mere fact of payment of the mortgage.  "If," says he, "the mortgagor in fee pay the money at the day, on his entry he is in his former estate. If he does not pay, yet by law he is impowered to redeem at any time within three years after entry for condition broken, by paying principal and interest, or tender

of it, but yet by mere entry and payment the mortgagor is not in as of his former estate, nor can he regain it, but by a reconveyance, or a judgment of the inferior or superior court, as judges in equity under the provincial law (10 Wm. III. c. 13), any more than in England without a reconveyance or the aid of chancery." 8 Mass. 563. The present case, however, is to be decided by the statute of Maine of 1821 (chapter 39) respecting mortgages; 1 Me. St. 1821, p. 144, c. 39, which in a revised form contains the substance of all the statutes of Massachusetts made before the separation; and the decisions of the supreme court of the latter state giving a construction to these statutes are, therefore, of very high authority in the exposition of the statutes of Maine. By the latter it is enacted, that in all real actions on "mortgage, &c. the judgment shall be conditional, that if the mortgagor, his heir, &c. shall pay unto the mortgagee &c. such sum as the court shall adjudge due, within two months from the time of entering up judgment, with interest, then no writ of possession shall issue, otherwise the plaintiff shall be entitled to his writ of possession in due form of law." Now, upon the plain terms of this enactment, it would seem difficult to doubt, that, if the mortgage were actually paid, no real action would lie by the mortgagee for the estate. The judgment is to be conditional for the payment of the sum due, and no writ of possession is to issue, when that sum is paid. If upon the hearing, the court should adjudge, that nothing was due to the mortgagee, how could he be entitled to the conditional judgment? The very form of the judgment supposes, that something is due, and the judgment for possession is absolute only, when there is an omission of payment of the sum found due. The proper conclusion seems to be, that when nothing is due, when nothing remains to be paid, there can be no judgment, even upon a confession of condition broken by the defendant, if the fact so appear to the court. And if so, why may not the same facts be pleaded directly in bar to the action? Surely, it will not be pretended, that the law authorizes an action to be maintained, where the court can render no judgment in aid of the demandant.

But it may be said, that the statute supposes, that the action brought declares upon the mortgage itself, and is not, as in this case, a common writ of entry at the common law. If this prove any thing, it proves, that the latter action ought not to be maintainable at all upon a mortgage after breach of the condition, since it would defeat the statuteable judgment. But as the present doctrine is in favour of such an action, there seems no reason, why the defendant may not show by special pleading, that the suit is, in fact, founded on a mortgage, and thus entitle himself to the benefit of that judgment. It would be difficult to establish, that the demandant might by the mere form of

his action oust the other party of his rights; or that the court would be justified in giving a general judgment, when upon the whole record it appeared, that the suit was clearly upon a mortgage. It is supposed, however, that the language of other parts of the statute controls the inference deducible from this provision. The allusion is to those clauses, which give a remedy by bill in equity to the mortgagor to redeem, when the mortgagee has entered and taken actually possession of the estate for the condition broken. In such cases, upon tender of the sum due, or other performance of the condition, the statute requires the mortgagee to restore the possession and execute a release and quit-claim of the mortgage, or to cause satisfaction and payment to be entered in the margin of the record of such mortgage in the register's office, and sign the same, which shall for ever after discharge and "release such mortgage, and perpetually bar all actions to be brought thereupon in any court of record." Upon the refusal of the mortgagee a suit in equity may be brought, in which the court is authorized to proceed according to equity and good conscience, and to decree the party to restore possession and execute a release of the mortgage. The argument derived from this source is, that the provision supposes, that something more than payment is necessary to discharge the mortgage at law, since it requires the mortgagee to execute a release either by deed or in the margin of the registry; and upon his refusal justifies a decree for a release. And in aid of this argument is drawn the provision of the Massachusetts act of 1783 (chapter 29, § 6), which gives a remedy by action on the case for damages against the mortgagee, when he refuses to execute such release after having received full satisfaction and payment. This last provision is omitted in the Revised Code of Maine, and stands repealed by its legislature. It loses somewhat of its force therefore in its present application.

But the whole argument, giving it its full latitude, falls far short of the cogency, which is attributed to it. In respect to the statute action on the case, it lies only for such damages as may arise from the refusal to discharge the mortgage after satisfaction; but it does not necessarily suppose, that such mortgage constitutes a legal title. The existence of a satisfied mortgage may throw a cloud over a title to the injury of the owner, and may prevent a profitable sale. The evidence of payment is liable to be lost, or may exist only in pais, and depend upon the testimony of witnesses, whose death may take place long before a legal presumption of satisfaction can arise. No person can be insensible to the value of a clear unincumbered title apparent upon the face of the public records; nor of the inconvenience of subjecting purchasers to the unravelling of accounts between mortgagors and mortgagees. The law, therefore, may wisely require, that what

is charged upon the record should, when discharged, be evidenced by an instrument of as high verity, not only as a preventive of litigation, but as a security of title, even though the charge were extinguished at law; as equity sometimes orders instruments to be delivered up, upon which there would be a good defence at law. A construction of the statute quite as natural as that contended for at the bar is, that it supposes the mortgage extinguished at law by payment, and means only to provide a remedy for damages sustained by the refusal of the mortgagee to put an acknowledgment of such payment on record.

As to the remedy in equity for the mortgagor, it is observable, that the statute gives it only in case the mortgagor is out of possession, and the mortgagee is in possession after condition broken. I agree, that in such case the remedy for the mortgagor to obtain possession is solely in equity. So it was adjudged in Hill v. Payson, 3 Mass. 560, and Parsons v. Welles, 17 Mass. 419, and, in my humble judgment, with great propriety. The plain reason is, that such is the remedy prescribed by the statute; and it is a very convenient and perfect remedy. But where the mortgagor remains in possession, he is not entitled to bring any bill in equity, for the statute does not extend to such a case. This defect has been supplied in Massachusetts by the statute of 1821 (chapter 85); but no similar one has been adopted in Maine. Unless, therefore, the mortgagor can resist a recovery by the mortgagee at law, he may be turned out of possession, when nothing is due on the mortgage, against the plainest principles of justice, and be driven by a circuity of action to enforce his acknowledged rights. If a cent only be due on the mortgage, the mortgagee can obtain no judgment at law in his suit, but a conditional one, and no possession at all if that cent is paid; and yet, if nothing is due, his rights are absolute, and he is entitled to an unconditional surrender of the possession. I confess I do not understand the reasoning, upon which such a distinction can be maintained. Nor am I prepared to give any construction to a remedial statute, which works such mischief, and is unsupported by its terms, unless I am driven to it by authorities absolutely conclusive and obligatory. The statute provisions appear to me to be in perfect harmony with each other, and each is just and appropriate for its own particular purpose. When the mortgagee seeks possession after condition broken, he may sue at law, but he is not entitled to any judgment, except as security for the sum due on his mortgage; and that being paid, he has no right to possession. In other words, his title, upon payment, is barred at law. When the mortgagor seeks possession from a mortgagee in possession, he is confined to his remedy by bill in equity, because it is a more convenient form to adjust the various claims for improvements and disbursements, which may exist between the parties, and ordinarily something remains due on the mortgage, the payment of which ought to precede the possession. As to the ascertainment of the sum due or paid on the mortgage, there is no more difficulty in arriving at it by a court of law, when it is wholly paid, than when it is partially paid. And in every case of a conditional judgment at law, this is an indispensable inquiry on the part of the court.

Let us now examine the authorities, which have been cited at the bar. If they speak a uniform language; if they give a uniform construction, this court has nothing to do but obey them. If, on the other hand, they express a diversity of opinion, or leave the question open for further inquiry, this court is at liberty to pursue that course which approves itself to its own judgment as the true interpretation of the statute. In Erskine v. Townsend, 2 Mass. 493, the court were of opinion, that after condition broken the mortgagee could have no other judgment but a conditional one. The authority of that case (as has been already stated) has been broken in upon; but it clearly shows the impression of the court, that if the mortgage was paid, there could be no judgment. In Porter v. Perkins, 5 Mass. 233, where there was a mortgage, and judgment had been obtained on the attendant bond, and the judgment had been duly released, the court said, that the party by discharging the judgment, discharged with it the mortgage. In Gould v. Newman, 6 Mass. 239, the court, arguendo, said, that the assignee of a mortgage was entitled to his action to foreclose the mortgage and to have a conditional judgment, unless the judgment on the attendant bond was satisfied. The same doctrine is implied in Taylor v. Porter, 7 Mass. 355. In Perkins v. Pitts, 11 Mass. 125, Chief Justice Sewall in delivering the opinion of the court admitted, that in ordinary cases, where the contract was certain, payment after the day might be a good plea in a suit brought by the mortgagees to obtain possession against the mortgagor. In Inches v. Leonard, 12 Mass. 379, the representative of the mortgagee sought to recover on a mortgage forty-two years after it was given; but the court were of opinion, that there was a presumption of payment from the lapse of time and other circumstances; and the case carries an implied acknowledgment, that payment would have been a good defence. In Pomeroy v. Winship, 12 Mass. 514, Chief Justice Parker intimates, though with caution, that the mortgagor, after payment, may resist the entry of the mortgagee to obtain a foreclosure. His language is, "The remedy in such case must be in equity, or perhaps by resisting the entry of the mortgagee, when he shall attempt to foreclose by a suit, by showing actual payment of the debt secured by the mortgage." I lay no stress upon the lan-

guage of the court in Darling v. Chapman, 14 Mass. 101, as it probably has reference to a suit for the land before condition broken. Up to this period it may be asserted with some confidence, that the doctrine deducible from the authorities, so far as it bears on this point, is uniformly in favour of the right of the mortgagor to resist at law any assertion of title by the mortgagee after satisfaction of his debt. But in Parsons v. Welles, 17 Mass. 419, Mr. Justice Wilde, in delivering the opinion of the court, intimates a contrary opinion. That was not the point before the court, for the only question was, whether a mortgagor, after the entry of the mortgagee for condition broken, could upon payment of the debt, maintain any suit at law for the recovery of the mortgaged estate. It was held, upon principle and in conformity to prior decisions, that he could not. But the learned judge, after reasoning upon the general question with great force, proceeds to say, "to this view of the subject it may be objected, that it enables the mortgagee, if he is so disposed, to vex and harass the mortgagor unreasonably. After receiving his debt, having no claim in equity and good conscience upon the land, but a mere legal estate, he may nevertheless expel the mortgagor, or he may bring a vexatious suit against him and subject him to costs. The answer to this objection is, that the law can never be expected wholly to prevent injustice," &c. Now, while I entirely agree in the judgment of the court on the principal point, I must be permitted to add, that I do not perceive, that the objection stated has any real foundation in law, or any application to the case before the court. Assuming, that the remedy of the mortgagor was solely in equity, it surely created no hardship; and when the legislature gave a remedy to the mortgagor, it had a right to prescribe the form and the manner of pursuing it. For me, it is sufficient that the legislature has chosen to declare, that it shall be by a suit in equity. But the learned judge has contented himself with answering the objection, without considering, whether it had any legal existence. I should be glad to know, what judgment for the mortgagee could be rendered upon a writ of entry consistently with the statute of 1785 (chapter 22), where, upon the pleadings, his title is established to be by a mortgage, which has been satisfied by payment. With great deference, it appears to me, that the objection should have been met with a denial of the right of the mortgagee to maintain any action in such a case. In the case of Vose v. Handy, 2 Greenl. 322, Mr. Chief Justice Mellen, in his very elaborate opinion, declares, that where the debt has been paid, there is no reason in law or justice, why the mortgagee should have any judgment whatever in his favour. I confess, that my own judgment goes along with his on this subject; and finding no decision against the doctrine,

and no inconsiderable weight of opinion in its favour, I think it my duty to adhere to the plain sense of the statute, and to pronounce, that the plea of payment or satisfaction after the day is a good bar to any suit by the mortgagee after condition broken for possession of the estate. The prevailing doctrine in New York seems to be in conformity with this view of the subject. A mortgage, which has been paid, is there treated at law, as an extinguished title. Hitchcock v. Harrington, 6 Johns. 290; Collins v. Torry. 7 Johns. 278; Titus v. Neilson, 5 Johns. Ch. 452; Runyan v. Mersereau, 11 Johns. 534. Without, therefore, adverting to the accuracy of the pleadings, my opinion upon the point in controversy is, that a mortgagee cannot at law maintain a suit to recover the premises mortgaged after payment of his debt against the mortgagor, or any persons claiming under him. Upon the pleadings it sufficiently appears, that the debt has been extinguished. A payment of the judgment extinguished the principal debt, and no interest can accrue between the time of issuing the execution and the satisfaction of it. The whole debt is gone by an entry of satisfaction on the execution, and does not revive in equity or law for such intermediate interest. The district judge concurs in this opinion; and, therefore, judgment is to be entered for the defendants.

It is proper to add, that this suit has been brought without any oppressive intent, and merely to give a surety for the debt of the mortgagor, who has paid it, the benefit of the mortgage. The mortgagee has no interest and expects no benefit. He wishes only to aid the surety, so far as by law he may.