## DANIEL MAYNARD *versus* WILLIAM HUNT.

In an action by a mortgagee to recover possession, the tenant cannot plead a tender made after condition broken but before action brought.

So he cannot plead that after condition broken and before action brought, the mortgagee promised him that he should hold the land discharged of the mortgage.

Whether payment tendered and accepted after condition broken would not be a defence to such action, *quære.*

Where in a civil suit a fact capable of proof is not questioned at the trial, the omission to prove it cannot be urged as a reason for setting aside the verdict.

But where a point not raised at the trial appears on the record and in the proceedings, and by them it also appears that no other evidence touching it could have been produced, it may be a ground for a new trial.

WRIT *of entry.* The demandant declared upon his seisin in fee and in mortgage and a disseisin by the tenant.

The tenant pleaded, *first, nul disseisin.*

*Secondly,* that Nathaniel Maynard, the mortgager, assigned the premises to the tenant with warranty against all incumbrances, and that the tenant, after condition broken but before the action was brought, tendered 400 dollars for the discharge of the mortgage. The demandant took issue on the tender.

*Thirdly,* that in consideration that the tenant would forbear to make the tender, the demandant promised that the tenant should hold the land discharged of the mortgage and that he (the demandant) would resort to Nathaniel Maynard for payment of the note which was secured by the mortgage. Issue was taken on this plea.

*Fourthly,* a plea like the second, except that it alleged tender of 450 dollars. Issue was taken on the tender.

The cause was tried before *Putnam* J., and a verdict was found for the tenant upon all the issues.

**241**          The demandant thereupon moved in arrest of judgment,

because the three last issues were immaterial, and the first issue was found only for form's sake and as a consequence of the finding on the other issues.

He further moved, that if any of those three issues should be adjudged material, the Court would grant a new trial, because no evidence had been introduced sufficient or proper to maintain either of them on the part of the tenant, and because all the evidence in the case, the three last pleas, and the admissions of the tenant's counsel, showed that the finding of the first issue for the tenant was a consequence of finding the other issues in his favor, and that if that issue had stood alone, it would have been found for the demandant.

At the trial J. W. Hunt, the brother of the tenant, testified, that at the tenant's request, he called on the demandant and inquired how much was due upon the note. The demandant replied 400 dollars. The witness asked him if he intended to call upon the tenant for the land, if Nathaniel Maynard (who was the demandant's son) should be unable to pay the note. He answered in the affirmative. The witness said he would pay him 400 dollars ; that he came for the purpose of settling with him ; that he had the money with him in bank bills, and that he would get the specie if it would make any difference. The demandant said it would not. He also said that if he took the money, the tenant would immediately sue Nathaniel. The witness told him he could expect nothing else. The demandant then said he would not take the money ; he would rather it should lie as it was on interest ; he was secure ; but he assured the witness that his brother should not be hurt.

The question whether this evidence was sufficient to warrant the finding of the jury, was reserved for the determination of the whole Court.

*Newton* and *Grennell*, for the demandant, were stopped by the Court.

*Wells*, for the tenant, insisted that a tender and refusal after condition broken, might be pleaded in bar to the action ; *Perkins* v. *Pitts*, 11 Mass. R. 134; Stearns on Real Actions, 263, 454 , 5 Dane's Abr. 587 ; 1 Chit. Pl. 552. In *Pursons* v *Wells*, 17 Mass. R. 419, before payment was

Maynard
*v.*
Hunt.

*Sept.* 24th

242

245

<div style="margin-left-note">Maynard<br>v.<br>Hunt.</div>

tendered, the mortgagee had made an entry for condition broken. [See *ante, p.* 106 and *p.* 187.] A payment before entry for condition broken must discharge the land, for no conditional judgment can be rendered if no debt exists. And *if payment in the country within sixty days after conditional judgment discharges the mortgage, a fortiori if made before judgment.*

It is too late to make any objection to the directions of the judge, as they were not objected to at the trial ; and the Court, in their discretion, will not be disposed to grant a new trial for a mistake of the jury, where justice has been done by the verdict. *Wilkinson* v. *Payne,* 4 T. R. 468. Here the tenant, in order that he might have a remedy against his grantor, was obliged to pay off the incumbrance on the land. Having been prevented from doing this by the demandant, he ought to hold the land discharged of the mortgage. As in the case of principal and surety, if the creditor refuses to receive the debt when tendered by the surety, he must afterwards resort to the principal alone. A court of equity would grant an injunction against prosecuting this action, and where a court of equity would relieve, a court of law will, if the proceedings afford it an opportunity. 3 Starkie on Ev. 1390, Metcalf's note.

The third plea *is good, being accord and satisfaction. Peytoe's case,* 9 Co. 79. And the Court will sustain it to avoid circuity of action ; for if the demandant recovers, he will be liable on his agreement.

*Grennell,* in reply, said the whole matter of the third plea was within the statute of frauds, and that the evidence showed only an attempt to make a compromise.

The opinion of the Court was drawn up by

<div style="margin-left-note">April term<br>1828, in<br>Franklin.</div>

PARKER C. J. It is very clear that all the issues except the first, are immaterial, and that the first was found for the defendant against all the evidence in the case which could legally bear upon it. The mortgage deed produced by the demandant entitled him to a verdict on the first issue, there being no payment or tender of payment of the money due according to the condition, until four years after the condition broken, so that the demandant's title at law was perfect, sub-

ιect only to be defeated by a process in equity founded upon payment or tender of payment after condition broken and before foreclosure.

If judgment should be rendered on the verdict in favor of the tenant, the demandant would be entirely deprived of his security,[1] and probably of his debt, without any consideration or equivalent, for we cannot consider that the loose conversation testified to by the brother in regard to his claims has proved any intention to give up his security, or that it can have the effect of a release or discharge of the mortgage in law or in equity.[2]

Whether a tender or any fact equivalent was proved, is wholly unimportant, as the tenant's right at that time subsisted wholly in equity, and he could no otherwise enforce it than by a bill in equity.[3]    The tenant's counsel has reminded us since the argument, that no objection was taken at the trial to the time of the supposed tender, and he refers us to the case of *Arms* v. *Ashley*, 4 Pick. 71, to show that it could not afterwards be raised.    But the cases are wholly different.    In the case cited the point was, that a fact capable of proof, but omitted to be proved or called for at the trial, was on the hearing of the questions reserved stated as a ground of objection to the verdict.    In this case the point on which the cause turns appears on the record and in the proceedings, and from the tenant's own showing, no other evidence touching it could have been produced had the question been made at the

---

[1] It is held in New York, that if a legal tender is made of the money due on a bond and mortgage, to the mortgagee, or his assignee or attorney, which is refused, the land is discharged from the mortgage, though the debt remains. *Bowers* v. *Crafts*, 18 Johns. R. 110. See *Willard* v. *Harvey*, 5 N. Hamp. R. 252; *Bailey* v. *Metcalf*, 6 N. Hamp. R. 156; *Patchin* v. *Pierce*, 12 Wendell, 61.

As to the time when a tender may be legally made of a sum due on a contract for the payment of money, in Massachusetts, see *ante*, 108 n. 1.

[2] See *Maynard* v. *Hunt*, 6 Pick. 489.

[3] In New Hampshire, after a tender of the whole amount secured by a mortgage, the mortgager may maintain a writ of entry against a mortgagee, if he retains possession. *Bailey* v. *Metcalf*, 6. N. Hamp. R. 156.

In New York, a tender of the money after forfeiture does not operate to re-invest the title in the mortgager, but a *tender* and *acceptance* has that effect. *Patchin* v. *Pierce*, 12 Wendell. 61

trial, for the tenant's right to tender did not exist until 'ong after a tender could have defeated the demandant's title at law. Admitting that payment tendered and received after condition broken and before foreclosure, would be a sufficient defence to an action brought by the mortgagee for possession,[4] it would not follow that a tender not accepted would be The first might operate as a discharge of the debt and waiver of the breach of the condition ; and it might be unreasonable to allow the mortgagee to recover possession, when by another suit he would be immediately obliged to surrender it. But the case of a tender is different. The debt is not discharged, and it is only in equity that the mortgager can avail himself of it.[1]

The proper course in this case is for the plaintiff to recover the conditional judgment, *as in case of mortgage, unless the tenant has a better defence than is shown by the report of the case.*

*Verdict set aside and a new trial granted.*

---

[4] If it appears, that a debt secured by a mortgage has been paid, the mortgagee, in a writ of entry upon his deed, cannot have judgment for possession of the land. *Vose* v. *Handy*, 2. Greenl. 322. See *Gray* v. *Jenks*, 3 Mason, 520; *Wade* v. *Howard*, 11 Pick. 297; *Perkins* v. *Pitts*, 11 Mass. R. (Rand's ed.) 131, n. a; *Howe* v. *Lewis*, 14 Pick. 329.

[1] A tender on a mortgage debt made according to the provisions of the statute to lay a foundation for a bill to redeem, if not accepted, shall not prevent the foreclosure of the right of redemption, unless a suit thereon be commenced within one year after the tender is made. Revised Stat. c 107 § .7.