## SAMUEL MASON *et ux.* *vs.* JAMES WALKER *et al.*

An heir may maintain a *writ of right* on the seisin of his ancestor at any time within *thirty* years from the commencement of the disseisin, although the ancestor had been disseised for more than *twenty* years, at the time of his decease.

THIS was a writ of right on the seisin of *James Means*, the ancestor of the demandants, in fee and in right, within thirty years, and the issue was upon the mere right. The seisin of the said *James Means* in fee and in right, within *thirty* years from the commencement of the action, was proved by the demandants. The tenants proved, that one *Archelaus Walker*, under whom they claimed, had disseised the said *James Means* of part of the demanded premises more than twenty, but less than thirty, years before his death, and continued such disseisin. *Emery J.*, before whom the trial was, instructed the jury, that the demandants were entitled to recover, notwithstanding said *James Means* was disseised more than twenty years before his death, if he was seised within thirty years before the commencement of the action. The verdict was for the demandants, and was to be set aside, if the instruction was wrong.

*Codman,* for the tenants, said that our statute of limitations, *Rev. Stat. ch.* 62, § 3, limits *all actions* on the demandant's own seisin to twenty years, and there is no exception in it in favor of a writ of right on his own seisin. The ancestor of the demandants then, at the time of his death, had no right which he could enforce, in any form of action, against the tenants. The first section of the same statute limits a writ of right on the seisin of the ancestor to thirty years, but it does not give to them, as heirs, what did not belong to the ancestor, when he died. It applies only to cases, where the ancestor at the time of his decease had a right of action existing to recover the land. The ancestor having no title, the heirs can derive none from him. There is no direct decision to be found on this question, but Mr. *Stearns* seems to consider, that an action cannot be supported. *Stearns on Real Actions,* 2d *Ed.* 324. This description of action ought not to be extended by construction any farther, than the statute manifestly requires. It has been doubted, whether the action ought to be allowed in any case whatever. *Stearns,* 2d *Ed.* 318. This land belonged to the tenants, at the time of the death of the ancestor of the demandants, and were he alive now, he could not maintain this, or any other action. A fair construction of the statute does not give any greater rights to the heirs, than he possessed, and if it did, the Legislature have no power to take property from one man and give it to another.

*Preble,* for the demandants, contended, that at common law, the tenants were entitled to the land belonging to their ancestor without any limitation, as to the time of bringing a suit after a disseisin committed. If the right be taken from them, it must be by statute. But the *stat. Rev. St. ch.* 62, § 1, only restricts the bringing of the action to thirty years from the time of the disseisin, when brought by the heir on the seisin of the ancestor. In this case the allegation is, that the ancestor was seised within thirty years, and the proof supports the allegation. But it is contended for the tenant, that this action cannot be maintained, because the ancestor could not maintain any suit, when he died. But the time of limitation for bringing a writ of right, by the person disseised and by his heir, have been different ever since the statute of 32 *Henry* 8. The heir has had a longer time, than the ancestor himself had ; and yet no case can be found, where this defence has been set up against

the express language of the statute, although very many must have occurred.

In the third of *Johns. Cases,* 128, the same defence now set up might have been made, and yet it was not done. Although the English authorities lean against writs of right, yet no case can be found in the books to sustain this defence. The statutes of limitations have not been considered as destroying the right, but as suspending or taking away the remedy by action. The words of the statute, in this case, are clearly in our favor; and a disseisor can acquire a title by wrong only on the terms the statute gives him.

The action was continued, for advisement, and the opinion of the Court afterwards drawn up by

SHEPLEY J. — The title and seisin of the ancestor having been established within the period of time prescribed by the statute, *ch.* 62, § 1, the demandants have proved the issue on their part. Yet the tenant contends, that they are not entitled to recover, because their ancestor had been disseised more than twenty years, and had thereby lost his right of entry and of action. And he insists, that such is the true construction of the statute. Such a construction requires the insertion of an additional provision, or restriction, exacting of the heir not only proof of seisin within thirty years, but also proof, that the ancestor at the time of his decease, had a right of entry. It would become necessary also, to be consistent, to give a like construction to the second section, which would require the heir in a writ of entry upon the possession of the ancestor, not only to prove that possession within twenty-five years, but that the right of entry also remained. To require of the heir thus to prove a right of entry still existing in the ancestor to enable him to maintain a writ of right, or a writ of entry, would greatly impair and restrict his rights, as they appear to exist by the language of the statute ; and it would be taking great liberties to incorporate such a provision. If it had been the intention of the Legislature to put such a restriction upon the use of the writ of right, it would be reasonable to expect to find that intention clearly expressed. By the statute of 32 *Hen.* 8, *ch.* 2, the heir was permitted to bring the writ of right within threescore years, and the writ of entry within fifty years, upon the seisin of the ancestor ; while the ances-

Mason *v.* Walker.

tor could bring his suit only within thirty years after he was dis-
seised. Different periods of time, for bringing these suits respec-
tively, have existed from that time to the present, although the time
for bringing each action has been at different times shortened. A
course of legislation, extending through so long a period, allowing
the heir or successor a right of action, for a time so long after the
ancestor or predecessor had lost all right, cannot have been unde-
signed. The right of action being clearly not taken from the heir
by the language of the statute, until thirty years have elapsed, it is
not for the courts of law to restrict it within narrower limits by
connecting it with the condition of the estate as held by the ances-
tor. Nor is it any anomaly in the law, that one may maintain an
action, or make an entry, after he, or some ancestor, or predecessor,
has once lost the right to do so. This happens often under statutes
of limitation upon some new occurrence, as in cases of contract
upon an acknowledgment, or new promise, after the right of action
was lost. Supposing one to be barred of his *formedon*, yet he may
not thereby be hindered to pursue his right of entry which accrued
to him by the death of tenant for life. 2 *Salk.* 422, *Hunt v. Burn.*
It is further insisted, that the ancestor having been disseised more
than twenty years before his death, no title could descend to the
heir. Mr Justice *Blackstone* states, that the mere right of property
may exist, without either possession, or the right of possession.
And that still the person so long disseised as to lose the right of
possession, *or his heir*, by proving his better right, may at length
recover the lands. 2 *Com.* 197-8. The right and the possession
being united, the title is perfect, but the loss of possession does not
take away the right. 5 *Mass. R.* 233, *Porter v. Perkins.* If the
right of property remains after the right of possession is gone, there
is no difficulty in considering it as descending upon the heir, unless
it is destroyed by the statute of limitations. The time when an
action may be commenced, is a matter not relating to the contract
or title. 2 *Mass. R.* 84, *Pearsall v. Dwight*; 4 *Wheat.* 200,
*Sturgis v. Crowninshield.* Such is the doctrine of the common
law, and of the civil law; and such is said to be the generally re-
ceived doctrine of the continental jurists. *Story's Conf. of Laws*,
486. It has been decided, that the general statute of limitations,
21 *Jac.* 1, operates by way of bar to the remedy and not to the

Mason *v.* Walker.

right. *Hunt* v. *Burn,* before cited; 2 *Barn. & Ald.* 413 *Higgins* v. *Scott.* And it is upon this principle that statutes of limitation are regarded as not repugnant to the constitution. Time being given to the party to enforce his rights, they do not impair the obligation of the contract or destroy the title. Upon the same principle, suits are maintained on simple contracts, more than six years after the right of action has accrued, if brought within six years after an acknowledgment of an existing debt, or after a new promise. If the contract were destroyed at the end of the six years, no subsequent admission or promise could restore it, for want of a consideration.

It is stated to be a maxim of the law, " that whatsoever was at common law, and is not ousted or taken away by any statute, remaineth still." *Co. Lit.* 115, *b.* By the common law, the mere naked right descended, and the action is given; the statute has taken nothing from the heir, but the right to prosecute his action after the lapse of thirty years. Having brought the action within that time, and introduced the necessary proofs, the demandants are entitled to recover.

*Judgment on the verdict.*