## MARTINEAU VS. McCOLLUM.

1. MORTGAGE— TRANSFER. — A mortgage is a mere incident to the debt and whenever the debt is assigned, it carries with it the mortgage.
2. SAME. — A negotiable note secured by mortgage transferred to a *bona fide* holder before due, carries the security by mortgage with it, so as to preclude a defense that would have been good as against the mortgagee. *Fisher v. Otis,* and note, *ante,* 78.

(4 Chand., 153.)

APPEAL from the Circuit Court for *Dodge* County. The case is stated in the opinion of the court.
*Collins, Smith & Tappan,* for appellant.
*Jason Downer,* for appellee.

KNOWLTON, J.   This cause was commenced by the complainant, as second assignee and holder of two promissory notes and a mortgage on real estate, by bill for the foreclosure of said mortgage, in Dodge county circuit court.   The notes and mortgage bear date April 27, 1848.   The defendant and appellant, *James F. McCollum,* set up for a defense that the notes and mortgage (which were for the sum of $500) were obtained by duress of imprisonment.   The complainant responded, and the cause came on for hearing upon the evidence of the notes and mortgage, and the testimony of several witnesses.   The court rendered a decree for the amount of the notes, with interest and costs.   From this decree, the defendant *McCollum* appealed to this court.

The only question raised in the case deserving notice is, whether a negotiable promissory note, negotiated before due, secured by mortgage, so far carries the security with it as to preclude the setting up a defense that would render the contract totally void, as between the original parties to the contract.

It is admitted by the defendant's counsel, that in an action upon the notes by the complainant in this case against the defendant *McCollum,* that such defense would not be good ; but

Martineau vs. McCollum.

he contends, that when he seeks to enforce his remedy upon the mortgage, that then the defense is a good one, and cites authorities where it has been so holden upon an assignment of a bond and mortgage.

Now I hold that these very authorities tend to prove that the defense is not good as to negotiable promissory notes.  The principle governing such cases is, that the mortgage is only an incident to the debt.  Whenever the debt is assigned, it carries with it the mortgage as an incident to it.  The mortgage does not carry with it the debt, but the debt carries with it the mortgage.  Now, inasmuch as the bond is not assignable, so as to prohibit the defense of fraud or duress, which would render it void as between the original parties in an action on the bond, it follows, of course, that the same defense could be set up in a suit on the mortgage as being a mere incident to the bond or debt.  Any defense that can be set up against the debt, may be set up against the mortgage, and none other.  This doctrine was held in the case of *Morris v. Floyd*, 5 Barb., 132.  See also *Cooper v. Ullman*, 1 Walker's Ch., 251; *Loutherin v. Mendum*, 5 N. H., 420; *Gray v. Jenks*, 3 Mason, 520; *Cutler v. Hanen*, 8 Pick., 490; *Porter v. Millett*, 9 Mass., 101; *Surut v. Horn*, 1 N. H., 332.

Numerous other authorities might be cited to sustain this position.  The counsel for the defendant failed produce an authority against this doctrine, and I have been unable to find one.  I have not found a single case where the mortgage was not recognized as a mere incident to the debt.  But it has been repeatedly holden that the mortgage could be assigned by a mere transfer of the debt, and if a promissory note, mere delivery of the note would carry the mortgage.  We are of opinion that the decree of the circuit court for the county of Dodge should be affirmed, with costs.

Decree affirmed.