Dyer v. Toothaker.

---

Isaac Dyer versus Abner Toothaker & al.

The mortgager, or person claiming under him, cannot maintain a writ of entry against the assignee of an undischarged mortgage, paid after breach of condition.

On Report from Nisi Prius, Kent, J., presiding.

Writ of Entry. The facts are stated in the opinion.

*J. H. Webster*, for demandant.

*A. W. Paine*, for tenants.

The opinion of the Court was drawn up by

Davis, J. — The premises in controversy were mortgaged by David Webster and Daniel Burnham to James Rangeley, July 20, 1836. The *tenants* claim under a deed from Noah Burnham, and an assignment of the mortgage to him, made Feb. 18, 1843, which was subsequently foreclosed. The *demandant* claims under a seizure of the right of redemption, upon an execution in his favor against the mortgagers, Jan. 21, 1843, and a sale thereof to him March 21, following.

At the trial, the demandant offered to prove that Noah Burnham, at the time the mortgage was assigned to him, *paid* the notes secured thereby; and that the assignment was made to him for the purpose of defrauding the creditors of the mortgagers. The evidence offered having been excluded, the facts are to be taken as proved. And this presents the question whether the mortgager, or person claiming under him, can maintain a *writ of entry* against the assignee of a *paid mortgage*, which has not been released.

The general principles applicable to such a case are examined at length in *Stewart* v. *Crosby*, 50 Maine, 130. It is unnecessary to repeat them. It is sufficient to say, that, even if such an action could be maintained at common law, as was believed by Judge Story, he conceded that, by the *statutes of this State*, the mortgager, *not in possession*, could have no remedy but in equity. *Gray* v. *Jenks*, 3 Mason, 520, 527.

According to the agreement of the parties, judgment must be rendered *for the tenants*.

Appleton, C. J., Kent, Walton and Dickerson, JJ., concurred.