## Case No. 12,599.

### SECKEL v. BACKHAUS et al.

[7 Biss. 354; 4 N. Y. Wkly. Dig. 49; 9 Chi. Leg. News. 161; 4 Cent. Law J. 125; 15 Alb. Law. P. 311.] 1

Circuit Court, E. D. Wisconsin. Jan. 15, 1877.

COURTS— FEDERAL JURISDICTION — CITIZENSHIP — ASSIGNEE OF MORTGAGE.

Under the act of March 3, 1875 [18 Stat. 470], the United States circuit courts have jurisdiction of a bill to foreclose a mortgage in behalf of a non-resident assignee of such mortgage, though the assignor could not, by reason of citizenship, have filed such bill.

[Cited in Whiting v. Wellington, 10 Fed. 815.]

In equity.

The complainant filed a bill to foreclose a mortgage of which he was the assignee. The bill alleged that the mortgage was given to secure certain notes executed by the mortgagor, which notes and mortgage were sold and transferred by the payees and mortgagees named therein, and by written assignment and delivery came to the hands of the complainant. Defendant demurred on the ground that the court had not jurisdiction of the subject-matter of the action.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 N. Y. Wkly. Dig. 49. and 15 Alb. Law J. 311, contain only partial reports.]

Winfield Smith, for complainant.
E. Mariner, for defendants.

DYER, District Judge. By the demurrer to the bill in question is presented whether this court has jurisdiction of a suit in equity to foreclose a mortgage, prosecuted by a non-resident assignee, in a case where the assignor is a citizen of the state and district in which the mortgagor resides and the action is brought. This question must be answered as we determine the construction to be given to the first section of the act of congress of March 3, 1875, relating to the jurisdiction of circuit courts of the United States. 18 Stat. pt. 3, p. 470. That act (section 1), after providing that "the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and * * * in which there shall be a controversy between citizens of different states," declares that "no circuit or district court shall have cognizance of any suit founded on contract, in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon, if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." Prior to the passage of this act no suit at law upon a promissory note could be prosecuted in the federal court by the transferee or assignee of the note, in cases where the assignor, by reason of citizenship, could not have prosecuted such suit. By virtue of the enlarged jurisdiction conferred by the act, such an action may now be maintained by an assignee who is a citizen of another state, though it could not have been prosecuted by the assignor. Now, does the act give to the court jurisdiction to entertain a proceeding in equity in behalf of such assignee, to foreclose a mortgage given to secure promissory notes, in a case where the assignor could not, because of citizenship, have prosecuted such a suit?

In Osgood v. Chicago, D. & V. R. Co. [Case No. 10,604], the circuit judge of this circuit, in construing the act of March 3, 1875, regarded it as the intention of congress, by that act, to consolidate in one act all the previous general acts conferring jurisdiction upon the circuit courts, and at the same time to give the court jurisdiction in some cases where no previous act of congress had conferred it. By the act, not only is jurisdiction extended, but the right is given to remove causes from state to federal courts in cases where removals were never before authorized. The language of the first section includes suits of a civil nature in equity as well as at common law; and another section of the act contains new and ample provisions for acquiring jurisdiction of non-resident parties in suits for enforcement of equitable and other liens. Reference is made to these features of the

act, as indicative of its spirit and general scope. A mortgage given to secure the payment of a promissory note is a mere incident to the note. It is extinguished by payment of the note. It passes with a transfer of the note. The debt is the principal thing, and the mortgage is collateral. No defense involving the validity of the debt can be set up against a mortgage in the hands of an assignee which cannot be set up against the debt itself. A mortgage is attached to the debt, and follows its destinies and ownership. It is beneficially assigned, transferred, released, surrendered, re-issued and revived with the instrument evidencing the debt, and without any other forms or ceremonies than are requisite in case of the latter. Martineau v. McCollum, 4 Chand. 153; Croft v. Bunster, 9 Wis. 503; Blunt v. Walker, 11 Wis. 334.

Although it was formerly held by the supreme court of the United States that, in a foreclosure decree, it could not be adjudged that the mortgagor pay a balance that might remain unsatisfied after exhausting the proceeds of the mortgaged premises (Noonan v. Lee, 2 Black [67 U. S.] 500; Orchard v. Hughes, 1 Wall. [68 U. S.] 74), it is now provided by rule of that court that, in suits in equity for the foreclosure of mortgages, a decree may be rendered for any balance that may be found due, over and above the proceeds of sale, and execution may issue for the collection of the same ([Cross v. Del Valle] Id. 3). In view of the relation which the mortgage bears to the debt, it may be accurately said that an action to foreclose the mortgage is founded upon the debt. It rests upon the principal contract, which is the note, and its object is the recovery of the debt by exhausting the security, which is the incident; and, as we have seen, the security being exhausted, the debtor may be pursued in the same proceeding by execution for any balance against his general property.

In Sheldon v. Sill, 8 How. [49 U. S.] 441, cited in the argument, the court say that a mortgage is but a special security, and that the remedy obtained on it in a court of equity is but the satisfaction of the debt. "It is the pursuit, by action, of one debt on two instruments or securities, the one general, the other special." The jurisdiction invoked by bill to foreclose, is appealed to for recovery of the debt, the evidence of which lies in the principal contract, the note. The mortgage following the debt, the holder of the debt has the equitable right to the security, and can therefore foreclose. As the result of this view of the question, I hold that, under the act of 1875, this court has jurisdiction in a suit in equity to foreclose a mortgage given to secure a promissory note where the assignee and holder is a citizen of another state, and the maker a citizen of this state and an inhabitant of this district, though the assignor could not, by reason of citizenship, have brought the suit.

Demurrer overruled, with leave to answer.

NOTE. Although the assignment of a note secured by a mortgage carries with it the equitable interest in the mortgage, it carries only an equitable interest. Edgerton v. Young, 43 Ill. 464. The mere assignment of the mortgage by an indorsement thereon, without an assignment of the note, will not operate to pass the power of sale to the assignee, but it will still remain in the mortgagee. Hamilton v. Lubukee, 51 Ill. 415. Although no defense can be made to a promissory note transferred to an innocent purchaser before maturity, still when the assignee of such a note proceeds to enforce payment in a court of equity by foreclosure of a mortgage or other lien, he will occupy the same position that the payee would, and the maker may interpose any defense that would defeat a recovery in the hands of the payee. Thompson v. Shoemaker, 68 Ill. 256.