LEANDER C. BELCHER *et al. vs.* WILLIAM W. ARNOLD *et als.*

A purchaser of real estate at an execution sale may in equity avoid conveyances previously made by the judgment debtor in fraud of his creditors.

BILL IN EQUITY to avoid certain conveyances of realty as in fraud of creditors, and for an account.

*January* 17, 1885. DURFEE, C. J. The object of this suit is to have certain conveyances of real estate, executed by William W. Arnold to divers persons, defendants, set aside as void under the statute of fraudulent conveyances, because made with the intent to hinder, delay, and defraud his creditors. The complainants are purchasers of the estates under an execution issued on a judgment recovered in their favor against the said William W. Arnold after the conveyances alleged to be fraudulent were made. The objection is raised that the court has no jurisdiction, because there is an adequate remedy at law. In *Beckwith* v. *Burrough, ante,* p. 366, we had occasion to remark that there is a conflict of decision on this point and to cite the cases, but without expressing any definite opinion. Now, however, after further consideration, our conclusion is that the suit is maintainable, the jurisdiction in equity and at law being generally concurrent in cases of fraud. See cases and authorities cited for complainants.[1]

---

[1] As follows:

Snell Principles of Equity, 384 ; 1 Spence Eq. Juris. 625 ; May on Fraudulent and Voluntary Conveyances, 472 ; 1 Story Eq. Juris. § 68 ; *Bennett* v. *Musgrove,* 2 Ves. 51 ; *Colt* v. *Woollaston,* 2 P. Wms. 154; *Evans* v. *Bicknell,* 6 Ves. Jun. 173 ; *Slim* v. *Croucher,* 1 De G., F. & J. 518 ; *St. Aubyn* v. *Smart,* L. R· 5 Eq. 183; also on appeal, L. R. 3 Ch. App. 646; *Ramshire* v. *Bolton,* L. R. 8 Eq. 294; *Hill* v. *Lane,* L. R. 11 Eq. 215 ; *Hartshorn* v. *Eames,* 31 Me. 93; *Lillard* v. *McGee,* 4 Bibb, 165 ; *Dodge* v. *Griswold,* 8 N. H. 425; *Abbey* v. *Commercial Bank of New Orleans,* 31 Miss. 434; *Wampler* v. *Wampler,* 30 Gratt. 454; *Crane* v. *Conklin,* 1 N. J. Eq. 346; *Lewis* v. *Cocks,* 23 Wall. 466 ; *Gray* v· *Jenks,* 3 Mason, 520; *Brown* v. *Stewart,* 56 Md. 421; *Bunce* v. *Gallagher,* 5

We have come to the conclusion, on the evidence, that the conveyances complained of ought to be set aside for the reason alleged.

*Charles Bradley & George B. Barrows,* for complainants.

*John D. Thurston,* for respondents.

Blatchf. 481; *Flint & P. M. R. R. Co.* v. *Gordon,* 41 Mich. 420; *King* v. *Carpenter,* 37 Mich. 363; *Eaton* v. *Trowbridge,* 38 Mich. 454; *Methodist Church of Newark* v. *Clark,* 41 Mich. 730; *Allen* v. *Waldo,* 47 Mich. 516; *Sands* v. *Codwise,* 4 Johns. Rep. 536.